## THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

## ARISTUS BROWN *et al.*

| | |
|---|---|
| 67 | 435 |
| 126 | 322 |
| 126 | 323 |
| 28a | 133 |
| 67 | 435 |
| 129 | 667 |
| 30a | 314 |
| 67 | 435 |
| 143 | 382 |
| 67 | 435 |
| 42a | 481 |
| 67 | 435 |
| 151 | 23 |
| 67 | 435 |
| 159 | 142 |
| 67 | 435 |
| 196 | ⁴328 |
| 67 | 435 |
| 110a | ¹454 |

1. ESTOPPEL *in pais.* The doctrine of estoppel is that, when a person, by his words or conduct, voluntarily causes another to believe in the existence of a certain state of things, and induces him to act upon that belief, so as to change his previous position, he will be estopped to aver against the latter a different state of things.

2. SAME—*elements of.* In order to create such estoppel, the following elements must be present: 1. There must have been a representation concerning material facts. 2. The representation must have been made with a knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention it would be acted upon. 5. And it must have been acted upon.

3. SAME—*principal element is fraud.* The representation must be external to, and not necessarily implied in the transaction itself; and fraud

or something tantamount thereto, is the distinctive character of this kind of estoppel.

4. SAME—*doctrine of, does not apply to the State.* Public policy, to prevent loss to the State through the negligence of public officers, forbids the application of the doctrine of estoppel to the State, growing out of the conduct and representations of its officers. On the same ground that the government is excused from the consequence of *laches*, it should not be affected by the negligence or even wilfulness of any one of its officers.

5. Where the Auditor, when applied to by the sureties of a collector, gave them, through mistake, an incorrect statement of the collector's account, which prevented them from obtaining indemnity: *Held*, that such mistaken statement could not estop the State, in a suit upon the collector's bond against such sureties, from recovering the true amount due the State.

This was an original suit in this court, by the State, against Aristus Brown, Clark W. Upton, Moses Evans and Lorenzo Hinkston, as sureties, upon the official bond of Walter W. Hastings, sheriff of Lake county.

The case was submitted upon an agreed state of facts.

Mr. J. K. EDSALL, Attorney General, for the People.

Mr. E. M. HAINES, for the defendants.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an original suit in this court, by the people, against the sureties of the sheriff of Lake county, on his official bond, a defalcation by the sheriff in paying over a portion of the State revenue collected by him being alleged in the declaration.

Formal pleadings were waived by the parties, and a decision sought upon an agreed state of facts, which brings up the question, and it is the only question in the case: Can the mistake of the Auditor of Public Accounts, in stating the account of the sheriff, by which the defendants were prevented from obtaining indemnity from the sheriff, be pleaded as a defense to this action?

The defendants have submitted no argument to sustain their defense.

The Attorney General, on behalf of plaintiffs, claims that the fact that defendants were prejudiced by the erroneous and mistaken information they received from the Auditor, would not constitute a defense even as between natural persons, so long as such officer acted in good faith and without intention to deceive—that the doctrine of estoppel *in pais* is based upon a fraudulent purpose and a fraudulent result, and if the element of fraud is wanting, there is no estoppel. There must be deception, and change of conduct in consequence, in order to estop a party from showing the truth, citing 2 Story's Eq. Jur. sec. 1543.

The doctrine on this subject we understand to be, that, when a person, by his words or conduct, voluntarily causes another to believe in the existence of a certain state of things, and induces him to act upon that belief, so as to change his previous position, he will be estopped to aver against the latter a different state of things. Text writers denominate this estoppel by conduct, in order to which *all* of the following elements must be present: 1. There must have been a representation concerning material facts. 2. The representation must have been made with knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention it should be acted upon. 5. It must have been acted upon. In this connection, it is said, the representation here spoken of is one external to, and not necessarily implied in, the transaction itself, and fraud, or something tantamount thereto, is now the distinctive character of this kind of estoppel. Bigelow on Estoppel, introduction, p. 60.

Some of these necessary elements appear in this transaction, but the essential one, fraud, is wanting. There is no pretence the Auditor designedly misrepresented the state of the sheriff's account, and the extent of his liability. That officer is presumed to employ competent clerks and assistants, on whose fidelity and accuracy he must, in most cases, implicitly rely, and must base his official statements on such

communications or reports as they make to him. If they err, as they may sometimes, the error goes into his statements, and, without any just impeachment of his fidelity, may be the cause of loss and injury to another.

As between individuals, it is no doubt true, if one, by words or conduct, wilfully causes another to believe the existence of a certain state of things, and induces him to act upon it so as to change his previous condition, he will be estopped to deny the truth of the representation. As between the government and an individual, we have found no case holding the former would be estopped by any statement of its officials from recovering its own.

It is a familiar doctrine, that the State is not embraced within the Statute of Limitations, unless specially named, and, by analogy, would not fall within the doctrine of estoppel. Its rights, revenues and property would be at fearful hazard, should this doctrine be applicable to a State. A great and overshadowing public policy of preserving these rights, revenues and property from injury and loss by the negligence of public officers, forbids the application of the doctrine. If it can be applied in this case, where a comparatively small amount is involved, it must be applied where millions are involved, thus threatening the very existence of the government.

The doctrine is well settled that no *laches* can be imputed to the government, and by the same reasoning which excuses it from *laches*, and on the same grounds, it should not be affected by the negligence or even wilfulness of any one of its officials.

The State not being estopped by the mistaken statement of the Auditor, judgment must be entered for the plaintiffs for the amount admitted to be due, without interest, namely: twelve hundred dollars and fifteen cents, for which execution will issue.

*Judgment for the plaintiffs.*