Mr. Justice MaoArthur
delivered the opinion of the court:
This bill is filed to restrain the collection of taxes, upon the ground that the District is estopped by the action of the collector. It appears that Mr. Elliot did not inform that officer of the purpose for which he requested the bills for unpaid taxes; nor did he disclose to him that he was about to become a purchaser of the property. It is not alleged that the col-’ lector had any knowledge whatever of the object for which the tax bills were furnished. He was not informed that Mr. Elliot represented a purchaser, or that he contemplated becoming one himself. It is not pretended that he concealed or .misrepresented the amount of the taxes due wilfully or intentionally. A majority of the court are clearly of opinion that the District is not excluded from claiming the taxes still due and unpaid. To hold otherwise would be to establish an estoppel where the party sought to be estopped was ignorant of the facts material to such a conclusion, and where there was not the slightest intention to mislead or deceive. The collector could have been examined as a witness before the auditor, and recourse had to the books of his office, and thus the extent of the taxes due' and in arrear could have been ascertained as testimony in the usual method of judicial proceedings. This the complainant had a right to do, and having failed to exercise, this right, he cannot now be permitted to claim the benefit of an estoppel for the discharge of taxes that have never been paid.
The duties of the collector are prescribed by statute. (B. S. D. C., secs. 133, 161, 175, act of Aug. 23, 1871, Leg. Assembly, D. C.) To make a search of the records in his office for unpaid taxes at the request of any one, whether connected with the title or not, or whether liable for the tax or not, is *401 not one of his statutory duties. There is no fee or reward provided for making searches. No duty of this Mud is imposed by law, and he is not the officer of the District for that purpose. If any person applies to him to search for unpaid taxes, or to make a certificate of the same, it is an employment outside of his official duty, and there is no privity between the person requesting the search or certificate and the District of Columbia. The law is the only standard of the extent of his powers, and all inquirers in regard to taxes are bound to take notice of the extent of his authority. His statements or his mistakes as to unpaid taxes can never, therefore, operate, so far as the District is concerned, as an estoppel. If any other doctrine should prevail, it would be in the power of a tax-payer, or of even the collector himself, to divest the District of its liens upon property in all cases of delinquent taxes.
The decree ought to be reversed.
Cartter, Ch. J. —
The complainant asks that the District of Columbia be restrained in the collection of taxes properly assessed upon the property in question. When he applied to the collector he was a stranger to the property, and not in privity of taxation with it. He failed to disclose his relations to the property, or his purpose to buy it, and he now demands that these taxes» may be the same as satisfied without paying them, because he had formerly inquired of the collector for the unpaid tax bills. I do not believe that a citizen at large can, by passing through the collector’s office, making an inquiry of this Mnd about taxes, thereby pay them and estop the District. I do not believe that the revenues of a municipality can be crippled in that way. Here the applicant for information about the taxes did not disclose that he was about to become a purchaser, or that he -wanted to know- in contemplation of such purchase the actual burdens upon the property. He inquired for the taxes, and the collector, as is frequently the case, made a mistake in the amount; he did not go back far enough in his search, and the doctrine in the *402 decree below is that the taxes are in effect paid. I cannot concur in that view, and think the bill ought to be dismissed.
Olin, J.
I put my opinion expressly upon the ground that the law imposes no obligation upon the collector to furnish his certificate at all. And not being within the limit of his prescribed duties, if he chooses to furnish statements he acts voluntarily, and the District is not responsible for his acts of that kind. I think the decree should be reversed and the bill dismissed.
Wylie, J., dissented..