## UNITED STATES *v.* ALEXANDER & Others.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF TENNESSEE.

Argued January 22d, 1884.—Decided February 4th, 1884.

### *Internal Revenue.*

The Secretary of the Treasury, under authority derived from the act of May 27th, 1872, 17 Stat. 162, abated taxes on spirit in a bonded warehouse destroyed by fire. The commissioner of internal revenue notified the principal and sureties of the distillery warehouse bond of this decision: *Held*, That this was a virtual cancellation of the bond.

This was an action at law brought on a distillery warehouse bond against William S. Alexander and James H. Reynolds, principals, and Edward S. Allen and Mahlon C. Atkinson, their sureties.

The defendants pleaded that the taxes, to recover which the suit was brought, had been abated by the Secretary of the Treasury, pursuant to law, by an order of which the following is a copy :

"TREASURY DEPARTMENT,
"WASHINGTON, D. C., *Aug.* 5, 1875.

"Under authority conferred by act of Congress approved May 27, 1872, I hereby abate the taxes accruing on 8,252 gallons of spirits, amounting to $5,776.46, which were destroyed by fire on the 6th or 7th day of March, 1875, while in the bonded warehouse

of Messrs. Alexander and Reynolds, distillers in the 4th collection district of Tennessee.

                " C. F. BURNAM,
                    " *Acting Secretary.*

" To the Commissioner of Internal Revenue."

And that the same was delivered to the defendants by the commissioner of internal revenue, and the Secretary of the Treasury did thereby release and free the defendants from their liability in the premises.

To this plea the plaintiffs replied that on October 13th, 1875, the Secretary of the Treasury did withdraw the said order of abatement and remission dated August 5th, 1875, as pleaded.

Upon this issue the case was tried. It appears from the bill of exceptions that the defendants, to sustain their defence, introduced proof tending to show the abatement of the taxes for which the warehouse bond sued on was given, as set out in their plea; that notice of the abatement was given to the commissioner of internal revenue, who gave notice thereof to one Bryant, the collector of internal revenue, with directions to take credit therefor on his bonded account as such collector, which he did; and that he gave notice of the remission of the taxes to Alexander & Reynolds, the principals on the bond; and that they had accepted the abatement and release, and had sent to their sureties on the bond copies of the order of abatement.

Thereupon the plaintiffs introduced evidence tending to show that on October 13th, 1875, the Secretary of the Treasury withdrew the abatement of the taxes by the following order:

              " TREASURY DEPARTMENT,
         " WASHINGTON, D. C., *October* 23, 1875.

" SIR: In the matter of Alexander & Reynolds, for abatement of taxes accruing on 8,252 gallons of spirits, amounting to $5,776.46, which were destroyed by fire on the 6th or 7th of March, 1875, while in the bonded warehouse of said firm, in the 4th collection district of Tennessee, in view of the papers now on file in the case, the order for abatement of said taxes, dated August 5,

1875, is hereby withdrawn until a further consideration of said claim can be had.

"Very respectfully,

"B. H. BRISTOW, *Secretary.*

" Hon. D. D. PRATT,

" *Commissioner of Internal Revenue.*"

There is no proof in the record that this order withdrawing the abatement of the taxes ever came to the knowledge of the obligors upon the bond until it was produced on the trial.

Upon this evidence the court charged the jury as follows:

"If you believe from the evidence that on the 5th day of August, 1875, the Secretary of the Treasury abated said taxes, and notified the commissioner of internal revenue thereof, and he notified the collector, and he notified the defendants, the action of the acting Secretary of the Treasury so taken was final, and any attempted suspension or withdrawal thereof would be invalid, and it would be your duty to find for the defendants."

To this charge the plaintiffs excepted. The jury returned a verdict for defendants, and a writ of error sued out by the plaintiffs brought up the case for review.

*Mr. Assistant Attorney-General Maury* for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE WOODS delivered the opinion of the court.

The act of May 27th, 1872, 17 Stat. 162, under authority of which the abatement of taxes pleaded by defendants was made, provides as follows:

"That the Secretary of the Treasury be, and he is hereby, authorized, upon the production of satisfactory proof to him of the actual destruction by accidental fire or other casualty, and without any fraud, collusion, or negligence of the owner thereof, of any distilled spirits on which the tax, at the time of the destruction of said spirits, had not been paid, and while the same remained in the custody of any officer of internal revenue, in any distillery, warehouse, or bonded warehouse of the United States, to abate

the amount of internal revenue taxes accruing thereon, and to cancel any warehouse bond, or enter satisfaction thereon in whole or in part, as the case may be."

We are of opinion that the action of the Secretary of the Treasury shown by the bill of exceptions was a virtual cancellation of the bond sued on in this case.

It is clear that after the Secretary had abated the taxes, and had given notice thereof to the collector of internal revenue, with directions to take credit therefor in his accounts, which he had done, and official notice of the abatement had been given to the principals upon the warehouse distillers' bond, and they had given notice to their sureties, no suit could be maintained upon the bond. Its obligation was gone, and both the principals and sureties were discharged.

The question is, therefore, whether the obligation of the bond could be restored by an order of the Secretary of the Treasury, not communicated to the makers, revoking the abatement. It may be conceded, and we think that the Secretary of the Treasury might, on new evidence or further consideration, reimpose the taxes. But his reassessment would only subject the spirits and the distiller to a liability for their payment; it could not restore the obligation of the distillers' bond.

If we yield to the contention of the appellants in this case, we must hold that the Secretary of the Treasury may, at his discretion and at any time, subject the obligors, both principals and sureties, upon a bond which had once been discharged, to a new liability, by an order of which they had no notice. It may be fairly presumed that sureties take indemnity from their principals. We cannot hold that after they have had notice of the discharge of the bond on which they were sureties, and when their relations to their principals may have entirely changed, and their indemnity been surrendered, it is within the power of the Secretary of the Treasury, without notice to them, to revive the bond and reimpose its obligation upon them. We do not think that the statute which authorizes the abatement of taxes and the cancellation of the bond gives authority to the

Secretary of the Treasury to retry the question of abatement so as to keep alive the liability of the obligors upon the bond after the taxes have once been abated and they have received notice thereof.

The only ground upon which the liability of the defendants in error can be maintained is that the abatement of the taxes and the cancellation of the bond were conditional and subject to the power of the Secretary to retry the question whether the spirits had been destroyed without the fraud, collusion, or negligence of the owner. We find no warrant in its language for such a construction of the statute. If the power had been given some terms or limit of time would have been imposed on its exercise. If it exists no restraint is imposed upon it. It may be exercised at any time, no matter how remote, without notice to the makers of the bond, and at the discretion or caprice of the Secretary for the time being. We do not think that any such unlimited power is conferred by the statute. The Secretary, having once decided the question of abatement, his authority was exhausted, so far as it concerned the tax secured by the bond.

In the case of *The Floyd Acceptances,* 7 Wall. 666, it was held by this court that, under our system of government, the powers and duties of all its officers are limited and defined either by statutory or constitutional law. Applying this rule to the present case, we are unable to find in the statute any authority for the action of the Secretary of the Treasury in revoking the abatement of taxes once made by him, and must conclude that the authority does not exist. He might re-assess the tax, but the bond given for the tax which had been abated would not be security for the re-assessed tax. As this view was substantially embodied in the charge to the jury of the Circuit Court, which is assigned for error, we are of opinion that the charge was right, and that

*The judgment must be affirmed.*