**UNITED STATES v. HEINEMANN CHEMICAL CO. et al.**

**No. 7053.**

District Court, W. D. Pennsylvania.

May 25, 1936.

Chas. F. Uhl, U. S. Atty., of Pittsburgh, Pa., for the United States.

E. W. Arthur and J. M. Magee, both of Pittsburgh, Pa., for American Surety. Co.

John E. Hughes, of Chicago, Ill., and E. W. Arthur and J. M. Magee, both of Pittsburgh, Pa., for Heinemann Chemical Co.

SCHOONMAKER, District Judge.

This is an action on a bond given to the United States by the Heinemann Chem-

ical Company as principal, and the American Surety Company as surety, to secure an extension of time for the payment of income taxes and interest assessed against the Heinemann Chemical Company for the year 1918.

■ The case was heard on stipulation of facts and proofs. The only matter not stipulated was the admissibility in evidence of a letter dated July 20, 1923, from the Commissioner of Internal Revenue to· the collector of internal revenue at Pittsburgh with reference to holding the bond here sued upon. As to that letter we reserved our opinion for future consideration. We now hold it to be admissible and overrule the defendants' objection and note them an exception.

. Briefly summarized, the facts are that the defendant Heinemann ˙Chemical Company, at the time of filing its income-tax return for 1918, filed a claim for abatement of $23,174.51 of the tax assessed and gave its bond with the American Surety Company as surety in the penal sum of $46,350, conditioned for the payment of such part of the tax found by the Commissioner of Internal Revenue, to be due with interest at 12 per cent. per annum. The Commissioner found the whole $23,174.51 covered by the claim for abatement to be due. The Heinemann Chemical Company paid the principal of said tax, but not the accrued interest, and then this suit was brought on the bond.

The defense is that the collector of internal revenue released this bond and no right of action rests in the United States. This defense is based on the following facts:

After the principal of the tax had been paid by Heinemann Chemical Company, that company, on September 6, 1928, requested the collector to reduce the bond to $10,000, and tendered a new bond in the sum of $10,000. On October 3, 1928, the collector acknowledged receipt of this bond to both of the defendants, and stated that the liability on the bond for $46,350 had terminated and the liability thereunder satisfied.

The government contends that the collector of internal revenue had no power to release this bond, and that his effort to do so is without legal effect.

■ The bond in suit was given under the provisions of section 234 (a) (14) of the Revenue Act of 1918 (40 Stat. 1077, 1079), "with sureties satisfactory to· the Commissioner," who accepted it and mailed it to the collector by letter of July 20, 1923, with the following instructions: "This bond should be held by you until advised by this Bureau as to what action has been taken on the claim." There is no evidence that the Commissioner ever directed the release of the bond in suit or authorized the acceptance ̦of the $10,000 bond in lieu of the original bond. Our conclusion is that the attempt to substitute the $10,000 bond for the bond of $46,350 was abortive and not effective, and that the liability ˙of the defendants on the old bond remained.

■ Counsel for defense rely on Brewerton v. United States (Ct.Cl.) 9 F.Supp. 503, 507, as supporting their position that bond was released by the collector; but the facts are not parallel. In that case the bond was taken˙by the collector on his own responsibility. He was the only party interested and had authority to release a bond which he took on his own responsibility for his own personal protection. In the instant case, we are dealing with a statutory bond which could be taken only with sureties approved by the Commissioner; and as we construe the law, the Commissioner is the only one who could release this bond and agree to the acceptance of another.

■ The defendants are charged with notice of all statutory limitations of powers of the officers and agents of the government. Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L. Ed. 791. The government is, therefore, not estopped by the unauthorized act of the collector in attempting to release this bond. This view has further support in Pine River Logging Company v. U. S., 186 U.S. 279, 291, 22 S.Ct. 920, 46 L.Ed. 1164; Yuma County Water Ass'n v. Schlecht, 262 U.S. 138, 144, 43 S.Ct. 498, 67 L.Ed. 909; The Floyd Acceptances, 7 Wall. (74 U.S.) 666, 676, 677, 680, 681, 19 L.Ed. 169; Minturn v. United States, 106 U.S. 437, 445, 1 S.Ct. 402, 27 L.Ed. 208; Providence Engineer Corporation v. Downey Shipbuilding Corporation (C.C.A. 2) 294 F. 641, at page 659.

Order for judgment for plaintiff may be submitted.