**HEINEMANN CHEMICAL CO. et al. v. UNITED STATES.**

**No. 6255.**

Circuit Court of Appeals, Third Circuit.

Sept. 27, 1937.

J. M. Magee, of Pittsburgh, Pa., John E. Hughes, of Chicago, Ill., and Edmund W. Arthur, of Pittsburgh, Pa., for appellants.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and S. Dee Hanson, Sp. Assts. to Atty. Gen., for the United States.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment on a bond in favor of the United States.

At the time of filing its income tax return for 1918, the Heinemann Chemical Company, one of the appellants here, filed a claim for abatement of $23,174.51 of the tax assessed against it on the ground that it had sustained a substantial loss for the taxable year and gave its bond for $46,350 with the American Surety Company, the other appellant here, as surety, "conditioned for the payment of any part of such tax found to be due, with interest," at the rate of 12 per cent. per annum. The Commissioner found that the $23,174.51 covered by the claim for abatement was due, and the chemical company paid it, but not the interest.

The chemical company then wrote to the collector of internal revenue at Pittsburgh, stating that it had been carrying for some years the bond for $46,350 and said: "We have now paid the amount of the obligation you claim down to less than $10,000.00, as we understand it. Wish to ask if in the light of this condition the bond cannot be reduced and thereby obtain the payment of a less premium." The collector replied

on September 14, 1928, and, among other things, said:

"You advise you have paid the tax, and have reduced the claim to less than $10,000.00. You, therefore, request this office to advise whether or not the bond would be reduced.

"In this connection you are advised, that an examination of the records of this office discloses that you have paid the tax, and that the obligation outstanding against you at the present time represents interest.

"You are further advised that you substituted for the bond this office now holds another bond in the penal sum of $10,000.00, representing interest outstanding on the 1918 income tax liability, account number 401258—1919 list.

"When the new bond is substituted the surety company will be informed that they are released of their obligation on the old bond."

On September 29, 1928, the chemical company wrote the collector as follows:

"In accordance with your letter of the 14th inst., your file IT:JHG, we are enclosing you herewith Bond of the American Surety Company in the penal sum of Ten Thousand Dollars ($10,000.00) to guarantee our liability to the Government under account #401258, 1919 list. Upon receipt of this Bond will you please return to us in the enclosed envelope the Bond which you have held to date in the penal sum of a much larger amount.

"In order to clear our files of this matter we will esteem it a favor if your can return the Bond requested, promptly on receipt of this."

The collector on October 3, 1928, answered the above letter saying:

"Reference is made to Surety Bond furnished by the American Surety Company of New York, assured by you assuring the payment of income tax for the year 1918.

"You are advised that the tax assessed is paid in full and a new Bond in the penal sum of $10,000.00 was received under date of September 29, 1928, assuring the payment of all interest due.

"Since the tax has been paid, and the above mentioned bond assures the payment of the interest, the bond in the penal sum of $46,350.00 is released. The American Surety Company of New York, has been advised that the liability has been completely satisfied."

On the same day the collector wrote to the surety company, saying:

"Reference is made to Bond given by you assuring payment of income Tax for the year 1918, for Heinemann Chemical Company, Olean, N. Y.

"The tax for the above mentioned year has been paid in full, and a new bond in the penal sum of $10,000.00 has been received to cover the interest due and payable on the above mentioned account.

"In view of the premises, your liability on the bond furnished by you under date of June 4, 1919, in the penal sum of $46,350.00 has ceased. The Heinemann Chemical Company has been advised that the liability has been completely satisfied."

For reasons not here material, the interest was not paid by the chemical company or surety company, and on May 19, 1932, the United States brought suit on the bond for $46,350 against both of them for $20,208.59, the amount claimed to be due as interest, with interest from that date until paid. The appellants defended on the ground that the collector "released" this bond and no right of action thereon remained in the United States. The United States contends that the collector had no authority to release the bond and consequently it still stood and suit could be brought on it. The District Court sustained the contention of the United States and entered judgment against the appellants. The principal and surety appealed from that judgment.

The real question is whether or not the collector, under the facts in this case, had authority to release the original bond for $46,350. If he did, the court erred for the collector did as a fact release the bond, and the question is whether or not he exceeded his authority.

Appellants say that the authority of the collector to release the bond was admitted in the pleadings and that the issue of the collector's authority could not be raised at the trial or here.

In their affidavit of defense the appellants alleged as new matter that the bond "was by agreement of the parties hereto rescinded and discharged and a new bond dated the 27th day of September 1928, in the sum of $10,000 was substituted for said bond." The appellee filed no reply to this allegation. Section 6 of the Prac-

tice Act of Pennsylvania of May 14, 1915, as amended by Act March 30, 1925, P.L. 84, § 2 (12 P.S.Pa. § 387), provides that every allegation of new matter by the defendant "if not denied specifically or by necessary implication in * * * the plaintiff's reply * * * shall be taken to be admitted." The plaintiff did not file a reply to the new matter set up by the defendants and so did not deny, and defendants say admitted, the rescission and discharge of the bond in question.

This, however, is not the view taken by the District Court and the decision in a matter so important as this should rest upon more substantial grounds than technical pleading. Defendants say that there is no express statutory authority conferred upon either the collector or Commissioner to release a bond, and the authority to do so must be implied as a necessary incident to the proper exercise of the authority expressly conferred upon them.

Section 214(a) (12) (a) of the Revenue Act of 1918 (40 Stat. 1068) provides that at the time of filing return for the taxable year 1918 a taxpayer may file a claim in abatement, but he "shall accompany his claim with a bond in double the amount of the tax covered by the claim, with sureties satisfactory to the Commissioner, conditioned for the payment of any part of such tax found to be due, with interest."

Pursuant to this provision of the statute, the Commissioner promulgated Regulations 45, article 266 of which reads as follows: "Claims should be filed with the Collector on Form 47 when the return for the taxable year 1918 is made."

Article 268 of Regulations 45 provides that: "The bond shall be executed by a surety company holding a certificate of authority from the Secretary of the Treasury as an acceptable surety on Federal bonds and shall be subject to the approval of the Commissioner. * * * The bond executed on Form 1124, pursuant to this Article, together with the abatement claim, should be forwarded by the Collector to the Commissioner of Internal Revenue. When it is received by the Commissioner it will be detached from the abatement claim and forwarded to the surety bond section of the Treasury Department for certification as to the sufficiency of the sureties. The surety bond section will, after certification, return the bond to the Commissioner for his approval. When he has approved the bond

he will cause it to be attached to the abatement claim."

It further appears that collectors of internal revenue are the only persons expressly authorized to collect taxes. Section 3183 of the Revised Statutes provides that: "Collection authority—(a) In general; within district. It shall be the duty of the collectors or their deputies, in their respective districts, and they are authorized, to collect all the taxes imposed by law, however the same may be designated." 26 U.S.C.A. § 1541(a).

The appellants say, with some degree of plausibility, that since express authority is not specifically given either to the Commissioner or the collector to rescind or discharge bonds, and since the bond in question must be filed with the collector, who alone is charged with the collection of taxes, when the claim for abatement is filed, he is invested with all powers necessary within his discretion for the proper performance of his duties and one of such powers in the case at bar was the release of the old bond and acceptance of the new one.

What the Court of Claims said in the case of Brewerton v. United States, 9 F. Supp. 503, 507, is apposite here: "The collector is chargeable with the collection of taxes which have been assessed, and to insure the faithful performance of his duty he is required to give bond. He was therefore not only the proper party to advise the surety company of the status of the liability for which the bond was given, but also the proper party to determine when the bond could be released and authorize its release."

The taxpayer, the principal on the bond, is not alone interested in this case. The surety is vitally concerned in it. They were both notified by the collector that the bond for $46,350 had been "released." In view of the fact that the collector was the only person having statutory authority to collect the taxes from the taxpayer, that the bond had been filed with him, and that all negotiations with regard to the taxes and bond had been with the collector, the surety company was justified in believing that the bond had been authoritatively "released" and rescinded when so notified by the collector. It was further justified in releasing all the collateral it held except enough to protect it on the bond for $10,-000. It can not now be penalized for so doing. What the Supreme Court said in

the case of United States v. Alexander et al., 110 U.S. 325, 4 S.Ct. 99, 101, 28 L.Ed. 166, is so appropriate that it might have been said in the case at bar: "It may be fairly presumed that sureties take indemnity from their principals. We cannot hold that after they have had notice of the discharge of the bond on which they were sureties, and when their relations to their principals may have entirely changed, and their indemnity been surrendered, it is within the power of the secretary of the treasury, without notice to them, to revive the bond and reimpose its obligation upon them."

The District Court (15 F.Supp. 365, 366) distinguished the Brewerton Case from the case here on appeal and disposed of the appellants' contention on this point by saying: "In the instant case, we are dealing with a statutory bond which could be taken only with sureties approved by the Commissioner; and as we construe the law, the Commissioner is the only one who could release this bond and agree to the acceptance of another."

In the first place, the Commissioner did not expressly approve either bond. The copy of the old bond in the record did not contain the approval, and we requested counsel to produce the original. They did so and it was never approved by the Commissioner. If his approval was necessary in order to make the bonds valid, neither is valid. In the second place, if the approval of the bond is to be established by inference, because it had been acted on and suit had been brought on it, then a fortiori by inference it can be established that the Commissioner approved the substitution of the new bond for the old one and authorized the cancellation or release of the latter. On July 20, 1923, the Commissioner, in returning the old bond to the collector, wrote him that: "This bond should be held by you until advised by this Bureau as to what action has been taken on the claim." Action was later taken on the claim and the collector had been advised of it. Implicit in the Commissioner's direction to hold the bond until advised of what action had been taken on the claim was the direction to the collector or consent for him to release the bond when advised that the claim had been disallowed and the amount of the tax paid.

The Brewerton Case answers the contention that the bond was released by mutual mistake adversely to the plaintiff.

The judgment of the District Court is reversed, and a new trial awarded.