## UNITED STATES v. GLOBE INDEMNITY CO.

### No. 156.

Circuit Court of Appeals, Second Circuit.

Feb. 7, 1938.

Satterlee & Canfield, of New York City (F. Morse Hubbard and Barham R. Gary, both of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (Malcolm A. Crusius, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On March 1, 1920, J. A. Migel, Inc., a New York corporation, filed its income tax return for the fiscal year ending November 30, 1919. Upon the return a tax of $344,724.13 was assessed by the Commissioner and three quarterly installments of the tax as thus assessed were paid. On November 15, 1920, there remained due one-fourth of the tax, amounting to $86,181.04. The taxpayer filed a claim for the abatement of this amount and obtained a bond from the defendant Globe Indemnity Company in the sum of $100,000, to stay the collection pending a decision by the Commissioner in respect to the abatement. On December 11, 1926, the claim for abatement was allowed to the extent of $40,351.77. After this allowance a balance of $45,829.27 for the 1919 income taxes still remained due. On February 8, 1927, the taxpayer filed its petition with the Board of Tax Appeals for a redetermination of that part of the tax which had not been abated; namely, $45,829.27. While that proceeding was pending, the defendant, Globe Indemnity Company, on April 21, 1927, executed a new bond for $75,000 to stay the collection of the portion of the tax liability sought to be redetermined and the earlier bond for $100,000 was returned. The new bond, after reciting the denial of the taxpayer's claim for abatement to the extent of $45,829.27 and the appeal by the latter, contained the following defeasance provisions:

"Now, Therefore, if the United States Board of Tax Appeals, in its final decision,

upholds in whole or in part the action of the Commissioner of Internal Revenue and the said J. A. Migel, Inc., pays to the said Frank K. Bowers, Collector of Internal Revenue and/or his successor in office, said balance of tax and interest thereon, or such amount thereof as may be found to be due by the final decision of the United States Board of Tax Appeals, then this obligation to be null and void; otherwise to be and remain in full force and effect.

"J. A. Migel, Inc.,
"By J. A. Migel,
"President. [Seal]
"Globe Indemnity Company,
"By Frank T. Gilson,
"Resident Vice President."

During the pendency of the proceeding before the Board and after the giving of the last-mentioned bond to stay collection of the tax, on April 24, 1929, the taxpayer made a payment of $40,000 on account of the balance of $45,829.27. On September 24, 1929, the taxpayer and the Bureau of Internal Revenue filed a stipulation with the Board of Tax Appeals reciting:

"that the following represents the correct liability of the petitioner for the fiscal year ended November 30, 1919;

Tax assessed ................ $344,724.13
Less: Tax abated............ 40,351.77

(Sch. No. 23819)
Net tax assessed............ $304,372.36
Total tax paid.............. 298,543.09
Correct tax liability.......... 298,738.74
Deficiency in payment........ 195.65
Unpaid taxes to be abated..... 5,633.62

It is further agreed that the Board of Tax Appeals may enter a final order of redetermination in accordance with this stipulation. It is understood and agreed that the Commissioner may collect the said deficiency in payment immediately upon the issuance by the Board of its order of redetermination. * * *"

Pursuant to the above stipulation the Board entered an order determining that $195.65 was the unpaid portion of the correct tax liability and that there should be an abatement of the balance of the unpaid assessment; that is to say, of $5,633.62. After the decision of the Board, the sum of $195.65 was paid by the taxpayer, and thus payment of income taxes for the year 1919 due on account of principal was completed but no interest had been paid at any time.

After the payment by the taxpayer of the $195.65, it requested the Indemnity Company to cancel the bond given for the stay. The latter declined to do·this until evidence was produced that no further tax was due. The taxpayer thereupon requested the collector to furnish a statement showing whether there were any .outstanding taxes. On February 25, 1930, the collector wrote to the taxpayer as follows: "This is to certify that there are no unpaid income taxes appearing on the records of this office in your name for the year 1928 and prior years."

The foregoing letter was exhibited by the taxpayer to the defendant, Globe Indemnity Company, and, upon the faith of it, the latter returned to the taxpayer the collateral which it had received as security against losses which it might suffer from making payments under the bond. After the Indemnity Company surrendered its collateral, the taxpayer, J. A. Migel, Inc., dissolved and was without any property wherewith to satisfy a judgment by the United States against it or to satisfy any obligation to indemnify the defendant which would arise from a payment by the latter of the judgment from which the present appeal was taken.

The plaintiff thereafter sued upon the bond for $75,000 to recover interest at 6 per cent. on the $40,000 of taxes between November 15, 1920, the date upon which payment of the last installment was due, and April 29, 1929, when the $40,000 was paid, and also to recover interest on the sum of $195.65 between November 15, 1920, when the same was due until it was paid on October 5, 1929. Recovery of such interest which amounted to $20,356.39 and of $32.12 costs was allowed after a trial before Judge Woolsey. From the judgment for these sums the defendant company has taken the present appeal.

 The first objection to the judgment which the defendant raises is that recovery ought not to have been allowed under the terms of the bond. In the event that the Board of Tax Appeals should uphold the action of the Commissioner in whole or in part, the taxpayer was to pay to the collector the "balance of tax and interest thereon, or such amount thereof as may be found to be due by the final decision of the United States Board of Tax Appeals." Clearly the taxpayer did not perform the first of the above alternatives, inasmuch as it did not pay the interest in question. It

seems also true that it did not pay the amount "found to be due by the final decision of the * * * Board. * * *"

Any balance found due by the Board carried interest not by virtue of any words in the decision specifying interest, for the Board in its decisions never grants interest, but because of the requirements of the statute. As was said in Standard Portland Cement Company v. Commissioner, 3 Cir., 80 F.2d 585, 587: "The orders of determination and redetermination did not deal with the question of interest. The Board has repeatedly held that it has no jurisdiction over interest. * * * Consequently, if the order of redetermination stands as entered, the Commissioner may assess the interest on the deficiency at the same time that he assesses the deficiency from the date the tax became due until it was paid on April 13, 1933."

The second objection made to the judgment is that interest should not have been allowed because there was no notice and demand on the part of the collector as required by section 250(e) of the Revenue Act of 1918, 40 Stat. 1083. However, subdivision sixth of the complaint alleged a demand by the collector, and that allegation was admitted in article 2 of the answer.

Finally it is said that the collector by his letter and certificate of February 25, 1930, represented that all taxes for the year ending November 30, 1919, had been paid, that in reliance upon that representation the surety released its collateral and lost its right to obtain indemnity from its principal, and that, because of the representation, the United States is estopped to assert that anything further was due on account of income tax liability for 1919. Between private individuals such an objection might have been good. But the government stands in a different position. There would seem to have been no authority on the part of the collector to furnish a tax search binding on the Commissioner. The authority to collect and give receipts for payment under section 56(h) of the Revenue Act of 1928, 26 U.S.C.A. § 56 note, plainly does not extend to making general representations as to tax indebtedness. Section 56(h) states what receipts shall contain and suggests no power to furnish a tax search binding upon the United States. The decision in · United States v. Heinemann Chemical Co., 3 Cir., 92 F.2d 302, holding that a collector had authority to release a bond given to stay

execution and accept a new one, does not govern the present situation. It may be that an official having authority to take a bond can accept another in substitution for it and release the earlier obligation and, indeed, there was a substitution of bonds in the case at bar which seems to have been questioned by no one. The right to bind the Commissioner by a tax search which a collector furnishes is a different · matter. This was beyond his authority. Elliot v. District of Columbia, 3 MacArthur 396, 10 D.C. 396; People v. Brown, 67 Ill. 435, 438; Ritter v. United States, 3 Cir., 28 F.2d 265.

Judgment affirmed.