**UNITED STATES v. HAMILTON et al.**
(two cases).
Nos. 6401, 6402.

Circuit Court of Appeals, Seventh Circuit.
April 25, 1938.
Rehearing Denied June 13, 1938.

J. Roy Browning and H. L. Howard, both of Chicago, Ill., for appellants.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Louise Foster, and Helen R. Carloss, Sp. Assts. to Atty. Gen., for the United States.

Michael L. Igoe, of Chicago, Ill., for appellee.

Before SPARKS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

TREANOR, Circuit Judge.

These appeals are taken from the judgment of the District Court rendered in a suit on a bond which had been given to secure the payment of a deficiency income tax assessment. The defendants, taxpayer and surety, seek a reversal of the judgment in Cause No. 6401, and the plaintiff, United States, seeks a modification of the judgment in its cross-appeal, Cause No. 6402.

This is a suit on a bond to recover from Bess W. Hamilton, as principal, and the Fidelity & Casualty Company of New York, as surety, the amount of $4,164.16 with interest thereon at 6 per cent. per annum from June 8, 1931, to June 8, 1932, and interest thereon at 12 per cent. per annum from June 8, 1932, until paid.

The defendant Bess W. Hamilton was notified by letter from the Commissioner of Internal Revenue, under date of February 25, 1931, of a proposed deficiency of income tax for the year 1928. Subsequently the deficiency was assessed in the amount of $3,680.81 as tax, and interest in the amount of $483.35. Mrs. Hamilton signed an application for an extension of

time for payment of this deficiency in accordance with the provisions of section 272(j) of the Revenue Act of 1928, 26 U.S.C.A. § 272 and note.[1]

Pursuant to this application for extension of time, which was filed with the Collector of Internal Revenue at Chicago, Mrs. Hamilton, as principal, and the Fidelity & Casualty Company of New York, as surety, executed and delivered a bond to the United States in accordance with the provisions of section 272(j), supra, with the following conditions:

"Now, Therefore, the condition of the foregoing obligation is such that if the principal shall on or before the 8th day of June, 1932, pay the deficiency in tax plus penalty and interest properly applicable thereto, in accordance with the terms of the extension as herein stated, and shall otherwise well and truly perform and observe all the provisions of law and the regulations;

"Then this obligation is to be null and void, but otherwise to remain in full force, virtue, and effect.

"The terms of the extension are as follows:

"Payment to be made of the sum of $4164.16 on or before June 8, 1932, plus interest at the rate of six per cent per annum from June 8, 1931."

The Commissioner of Internal Revenue advised the Collector of Internal Revenue at Chicago, by letter, that the surety bond had been approved and that application for extension had been granted under the following conditions:

"Payment to be made of the sum of $4,164.16 on or before June 8, 1932, plus interest at the rate of six per cent per annum from June 8, 1931.

"Upon default of the payment of the above-mentioned tax, interest will be charged at the rate of twelve per cent per annum from the due date as extended until paid."

On May 27, 1932, Mrs. Hamilton paid the Collector of Internal Revenue at Chicago the sum of $200 on account of her tax liability for the year 1928.

In a letter dated December 14, 1932, the Collector of Internal Revenue at Chicago notified the Fidelity & Casualty Company of New York of the refusal of Bess W. Hamilton to pay the amount due and owing and demanded payment thereof from the Fidelity & Casualty Company of New York. But no part of the amount due was paid by either of the defendants or by anyone in their behalf prior to the commencement of this suit.

The trial court made a special finding of facts, stated conclusions of law thereon, and rendered judgment for the United States.

Defendants insist that the bond in suit was not executed as a statutory bond; and they further insist that even if it is a statutory bond, the trial court was in error in permitting recovery of an amount which, defendants claim, was in excess of the obligation of the bond and in violation of its express terms.

The authority to extend the time for the payment of the income tax deficiency is purely statutory and the bond in suit was required and given under the authority of the same sections of the statute which authorize the extension and impose the obligations connected therewith. And we agree with the District Court's conclusion that as a matter of law, the bond in suit was a statutory bond and that the pertinent provisions of the statute constitute a part of the contract of the bond.[2] And we agree with the related conclusion that the defense, that the statute of limitations had run against the assessments, is not available since this is a suit on the statutory bond, the breach of which affords the United States a "cause of action separate and distinct from an action to collect taxes which it already had."[3] And it fol-

---

[1] 26 U.S.C.A. § 272(j).

"Extension of time for payment of deficiencies.

" * * * The Commissioner * * * may grant an extension for the payment of such deficiency or any part thereof for a period not in excess of eighteen months, and, in exceptional cases, for a further period not in excess of twelve months. If an extension is granted, the Commissioner may require the taxpayer to furnish a bond in such amount, not exceeding double the amount of the deficiency, and with such sureties, as the Commissioner deems necessary, conditioned upon the payment of the deficiency in accordance with the terms of the extension."

[2] Maryland Casualty Co. v. United States, 5 Cir., 76 F.2d 626; United States v. Rigali, 9 Cir., 90 F.2d 929.

[3] United States v. John Barth Co., 279 U.S. 370, 375, 49 S.Ct. 366, 367, 73 L. Ed. 743.

lows from the foregoing that the amount of the original deficiency tax and the sums of interest properly added thereto are material only to the measure of liability under the bond.

The only source of authority to the Commissioner to grant an extension of time for the payment of a deficiency is section 272(j) of the Revenue Act of 1928; and that section and section 296, 26 U.S.C. A. § 296 and note,[3a] expressly state the conditions upon which such an extension may be granted. There is a maximum time limit and if the Commissioner requires a bond the liability thereon is "conditioned upon the payment of the deficiency in accordance with the terms of the extension." And section 296 provides that interest at 6 per cent. on the amount of the deficiency, for which time of payment is extended, shall be collected as a part of the deficiency tax; and, also, that if such deficiency is not paid in accordance with the terms of the extension, "there shall be collected, as a part of the tax, interest on such unpaid amount at the rate of 1 per centum a month for the period from the time fixed by the terms of the extension for its payment until it is paid, and no other interest shall be collected on such unpaid amount for such period."

It cannot be questioned that the taxpayer who secured the extension for payment of her deficiency became obligated to pay 6 per cent. interest, as a part of the deficiency tax, for the period of the extension; and that she was obligated further to pay interest at the rate of 1 per cent. a month, as a part of the deficiency tax, from the expiration of the extension period until the tax should be paid, if the deficiency tax should not be paid in accordance with the terms of the extension.

The obvious purpose of requiring bond is to protect the United States from loss resulting from the taxpayer's failure to carry out his obligations under the extension agreement. No provision in either section 272(j) or section 296 indicates an intention that the scope of the liability under the bond be less than the loss suffered by reason of the default of the taxpayer. And in the instant case under section 296 the amount due and owing the United States, as deficiency tax, consisted of the amount of the stated deficiency for which time of payment was extended, plus interest on that sum at the rate of 6 per cent. per annum for the period of extension, plus an additional sum consisting of the interest on the original deficiency tax at the rate of 1 per cent. a month from the date of the expiration of the extension period. The rate of interest merely measures the additions to the original amount of the income tax deficiency.

Defendants insist that by the express terms of the extension the promise was to pay $4,164.16 with interest at the rate of 6 per cent. per annum from June 8, 1931. But in view of the provisions of section 272(j) and section 296 the sum represented by 6 per cent. interest for the extension period is a part of the tax, and the "term" of the extension was not a promise to pay $4,164.16 on or before June 8, 1932, with interest at 6 per cent., but an agreement to pay a deficiency tax on or before June 8, 1932, to be composed of $4,164.16 plus an amount equivalent to the interest on the base sum for the extension period at the rate of 6 per cent. per annum.

When payment of the amount due and, owing was not made on or before June 8, 1932, the 1 per cent. a month rate was applicable by force of section 296. The trial court did not apply the 1 per cent. a month rate until December 14, 1932, when notice of the taxpayer's default was given to the defendant the Fidelity & Casualty Company of New York and demand for payment was made. In view of the definite specification in section 296 that the interest at the rate of 1 per cent. per month be collected from the expiration of the extension period, we must hold that

---

3a 26 U.S.C.A. § 296.

"Time extended for payment of deficiency. If the time for the payment of any part of a deficiency is extended, there shall be collected, as a part of the tax, interest on the part of the deficiency the time for payment of which is so extended, at the rate of 6 per centum per annum for the period of the extension, and no other interest shall be collected on such part of the deficiency for such pe-

riod. If the part of the deficiency the time for payment of which is so extended is not paid in accordance with the terms of the extension, there shall be collected, as a part of the tax, interest on such unpaid amount at the rate of 1 per centum a month for the period from the time fixed by the terms of the extension for its payment until it is paid, and no other interest shall be collected on such unpaid amount for such period."

the date of demand upon the defendant was immaterial.

In Maryland Casualty Company v. United States, supra, the trial court had allowed one per cent a month interest from the date of demand upon principal and surety to the date upon which the principal and interest equalled the penal sum of the bond; and thereafter the interest was computed at five per cent per annum, the legal rate in Illinois, to the date of judgment. This court held that the trial court's computation was correct. In that case the United States did not question the correctness of the trial court's computation, but upheld it. But in the instant case the United States insists by cross-appeal that the trial court erred in not computing the rate of interest at 1 per cent. a month from the expiration of the extension period to the date when the principal sum, plus accumulated interest, equalled the penalty of the bond. We agree with this contention and so hold.[4]

 Also we believe that it was correctly held in Maryland Casualty Company v. United States, supra, that under the law of Illinois interest at the rate of 5 per cent. is properly charged on the penal amount of the bond, from the date on which the principal amount plus the accumulated interest equalled the penal amount of the bond, to the date of the judgment.

 Defendants urge that the record contains no proof of a breach of the bond. The June, 1931, assessment list was introduced in evidence to prove the amount of indebtedness which was assumed under the bond. The evidence established that the deficiency tax and interest thereon furnish the amount which was assumed under the bond; and the evidence also included an official letter, written several months after the default date of the bond, which informed the security company that efforts to collect the tax had failed and demanded payment under the bond. That was sufficient to establish breach of bond by failure of defendants to make payment in accordance with the conditions stated in the bond.

In Cause No. 6401 the judgment of the trial court is affirmed as to the questions raised on this appeal. In Cause No. 6402 we hold that the trial court erred in not computing interest at the rate of 1 per cent. a month from the date of the expiration of the extension period to the date upon which the principal sum plus the accumulated interest equalled the penal sum of the bond.

In all other respects the judgment of the trial court is affirmed, and the cause is remanded with directions to modify the judgment to conform to this opinion.

---

4 United States v. Rigali, supra.