## UNITED STATES v. ROYAL INDEMNITY CO.

### No. 69.

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1940.

248

Harry S. Hall, of New York City, for defendant-appellant.

John T. Cahill, U. S. Atty., of New York City (Edward J. Ennis, Asst. U. S. Atty., of New York City, of counsel), for plaintiff-appellant.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is an action by the United States against the surety on a bond given by a taxpayer as principal to a collector of internal revenue as obligee. The bond, dated May 2, 1922, for $38,000 was given in order to obtain suspension of collection of an income tax deficiency for the year 1917, as to which the taxpayer had filed with the commissioner of internal revenue a claim in abatement. It was conditioned on payment of so much of the deficiency as should not be abated, with interest thereon.

In 1925 the commissioner allowed in part the taxpayer's claim in abatement and rejected it in the amount of $8,223.67. Demand for payment of this sum plus interest (a total of some $14,500) was made on the taxpayer and, upon his default, on the sure-

ty. The latter disputed the amount of its liability. On December 17, 1926 it tendered the collector a draft for $8,223.67, representing the unabated deficiency alone without interest. This draft bore on its face a notation that it was in full settlement of the taxes for 1917 and of all liability under the bond. The draft was collected, and on December 20, 1926 the collector returned the bond to the surety with a letter stating: "All liability under this bond is hereby terminated." Thereafter, in 1932, the then collector demanded from the surety payment of the interest on the unabated deficiency of $8,223.67. Payment being refused, this action was commenced on April 27, 1935. Upon complaint, answer and stipulated facts, each party moved for summary judgment. The district judge gave judgment for the plaintiff in the sum of $4,169.07 representing the interest on the deficiency to December 17, 1926, but denied any recovery of interest on this amount. Both parties have appealed, the defendant contending that the collector's release prevents any recovery, and the plaintiff challenging denial of interest on the sum found due under the bond on December 17, 1926.

On the defendant's appeal the sole question is whether the collector had implied authority to release the bond. He had implied authority to accept the bond. United States v. Wolper, 2 Cir., 86 F.2d 715, 717. Having implied authority to accept it, the argument is urged that logically he must have implied authority to release it. This does not follow. Authority to do acts beneficial to the government in the collection of taxes may be implied, but it is well recognized that subordinate officials cannot surrender rights of the United States without express authority so to do. Hart v. United States, 95 U.S. 316, 318, 24 L.Ed. 479; United States v. Globe Indemnity Co., 2 Cir., 94 F.2d 576; Ritter v. United States, 3 Cir., 28 F.2d 265, 267. On December 17, 1926 the principal and surety were liable under their bond for the deficiency tax of $8,223.67 and interest thereon of $4,169.07. Only the commissioner, with the consent of the Secretary of the Treasury, was authorized to compromise the tax deficiency for a sum less than was legally due. Rev.Stat. § 3229, 26 U.S. C.A. Int.Rev.Code, § 3761; Botany Mills v. United States, 278 U.S. 282, 288, 49 S.Ct. 129, 73 L.Ed. 379; L. Loewy & Son v. Commissioner, 2 Cir., 31 F.2d 652, 654; 45 Treas.Reg.Art. 1011 (1918 Act). If the collector was not authorized to compromise

the taxpayer's liability for the tax, there is no reason to suppose he would have authority to compromise the contractual liability of the obligors of the bond to pay such tax, or to release it by returning the bond.

Two cases seem to support the taxpayer's position. In Brewerton v. United States, 9 F.Supp. 503, the Court of Claims ruled that a bond taken by a collector could be released by him. In so holding it purported to follow United States v. Alexander, 110 U.S. 325, 4 S.Ct. 99, 28 L.Ed. 166. This was a misapplication of the Alexander case for there the cancellation of the warehouse bond was done by the Secretary of the Treasury pursuant to express statutory authority; no question of implied authority was involved. In Heinemann Chemical Co. v. United States, 92 F. 2d 302, the Third Circuit followed the Court of Claims and similarly misapplied the Alexander case. With due respect, we are unable to agree with the Brewerton and Heinemann decisions. For reasons already stated we think the collector was without authority to release the defendant's liability by returning its bond with the statement that liability thereon was terminated. Nothing in our own decision in United States v. Globe Indemnity Co., 94 F.2d 576, is to the contrary; indeed it tends to support the view now expressed.

Upon the plaintiff's appeal it is urged that interest should have been allowed upon the amount found due from the defendant December 17, 1926. The district judge regarded it as a claim for interest upon interest, and thought it inequitable to allow it under the circumstances. This is not a case of interest upon interest; the surety's liability was an obligation undertaken by contract to pay $4,169.07 more than it actually paid on December 17, 1926. In New York breach of contract to pay a liquidated sum normally carries interest at 6 per cent. per annum to the date of judgment. New York General Business Law, Consol.Laws, c. 20, § 370. How equities have anything to do with the application of this rule we fail to see. Nor do we find anything inequitable in charging a surety interest for his own default—particularly since the surety is chargeable with notice that a collector has no power to release the government's rights, and has had the use of the money which should have been paid to the collector when due. See United States v. United States Fidelity & Guaranty Co., 236 U.S. 512, 528, 35 S.Ct. 298, 59 L. Ed. 696. At least three circuits have decided in favor of the allowance of interest under similar circumstances. Maryland Casualty Co. v. United States, 5 Cir., 76 F.2d 626; United States v. Hamilton, 7 Cir., 96 F.2d 878, 117 A.L.R. 446; Massachusetts Bonding & Ins. Co. v. United States, 9 Cir., 97 F.2d 879. The cases cited to the contrary relate to non-analogous situations.

On the defendant's appeal the judgment should be affirmed; on the plaintiff's appeal it should be modified to include interest at the rate of 6 per cent. per annum from December 17, 1926, and, thus modified, affirmed. It is so ordered.