## FIDELITY & DEPOSIT CO. OF MARYLAND v. A. S. REID & CO. et al.

(District Court, E. D. Pennsylvania. June Term, 1926.)

No. 3797.

1. **Courts** ⊜⇒508(1)—**Generally federal courts will not interfere with proceedings of other courts first acquiring jurisdiction.**

Generally federal courts will not interfere by injunction or otherwise with proceedings by other courts, which have first acquired jurisdiction of subject-matter.

2. **Courts** ⊜⇒508(1)—**Congress, in case of conflicting jurisdiction, has authority to confer or prohibit power of federal courts to enjoin state court proceedings (Const. art. 6).**

Under Const. art. 6, Congress has authority, where there is conflicting jurisdiction of the subject-matter, either to confer on federal courts power to enjoin proceedings in a state court or to prohibit the exercise of that power.

3. **Courts** ⊜⇒508(2)—**Federal court, on sureties paying amount of bond and disclaiming interest, may enjoin pending suit on bond by citizens of different states (Act Cong. May 8, 1926 [44 Stat. 416]).**

Under Act Cong. May 8, 1926 (44 Stat. 416), federal court, on sureties disclaiming interest and paying amount of liability into registry, has jurisdiction and power to enjoin pending suit in state court on bond by citizens of different states.

4. **Courts** ⊜⇒307(1)—**Claimants under bond held adverse, authorizing federal court jurisdiction on sureties' bill of interpleader, showing claimants are citizens of different states. (Act Cong. May 8, 1926 [44 Stat. 416]).**

Claimants under bond for materials and labor furnished contractor in a sum in excess of liability on bond *held* adverse claimants, within Act Cong. May 8, 1926 (44 Stat. 416), conferring jurisdiction on federal court, on sureties' bill of interpleader showing claimants are citizens of different states.

5. **Constitutional law** ⊜⇒169—**Contract obligations are not impaired by law providing new remedy.**

Obligations of contract are not impaired by law providing new remedy, even though it has retrospective operation.

6. **Constitutional law** ⊜⇒169—**Law conferring jurisdiction on federal courts on surety's interpleader held not to deprive claimants of vested constitutional rights (Act Cong. May 8, 1926 [44 Stat. 416]).**

Act Cong. May 8, 1926 (44 Stat. 416) conferring original jurisdiction on federal courts

of bills of interpleader filed by sureties on bond, to which demand is made by citizens of different states, *held* not to deprive claimants of vested constitutional rights, since it is purely remedial and protects rights of all parties.

In Equity. Bill in interpleader by the Fidelity & Deposit Company of Maryland against A. S. Reid & Company and others. On defendants' motion to dismiss. Motion denied, with directions.

Francis B. Bracken, of Philadelphia, Pa., for plaintiff.

Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. On August 24, 1925, the Charles McCaul Company, a corporation, entered into a written contract with the school district of the town of Bloomsburg, Pa., for the erection and completion of a high school building. Subsequently, on April 17, 1926, pursuant to the Pennsylvania Act of May 6, 1925 (P. L. 546), the Fidelity & Deposit Company of Maryland executed and delivered to the school district its bond as surety for the contractor in the amount of $14,322.05 for payment of those furnishing materials and performing labor in the construction of the building. The contractor having defaulted, A. S. Reid & Co., Inc., and Hercules Cement Corporation, both corporations of the commonwealth of Pennsylvania, and Hy-Test Cement Company, a corporation of Delaware, commenced separate suits in the court of common pleas No. 3 of Philadelphia county to recover sums due them for materials furnished the contractor. Demands have been made upon the surety by individuals and corporations, some of whom are citizens of Pennsylvania and others of other states, for payments of sums greatly in excess in the aggregate of the surety's liability on the bond.

The Fidelity & Deposit Company of Maryland has filed its bill in equity for an interpleader, under the provisions of the Act of Congress of May 8, 1926, c. 273 (44 Stat. 416), and, pursuant to that act and disclaiming interest, has paid into the registry of the court the sum of $14,322.05, naming the several claimants as defendants. On September 3, 1926, an injunction was issued restraining A. S. Reid & Co., Inc., Hercules Cement Corporation, and Hy-Test Cement Company, hereinafter designated the defendants, from further proceeding in the respective suits upon the said bond, brought by them against the plaintiff herein, and restraining the other defendants from bringing suit thereon against the plaintiff.

The defendants move to dismiss the bill and to dissolve the injunction. They rely upon three grounds for their motion: First, that the state court, having acquired jurisdiction prior to the filing of the bill of interpleader, still has jurisdiction; second, that the defendants are not adverse claimants within the meaning of the Act of May 8, 1926; and, third, that, their rights having accrued prior to the passage of that act, it must be construed prospectively, and not retrospectively—otherwise, it will deprive them of vested rights guaranteed by the Constitution of the United States.

The Act of May 8, 1926, confers original jurisdiction upon the District Courts of the United States to entertain and determine suits in equity begun by bills of interpleader filed by surety companies, inter alia, where the bill avers that one or more claimants against the company reside within the territorial jurisdiction of the court; that its liability is in the sum of $500 or more; that two or more adverse claimants, citizens of different states, are claiming under the surety bond; that the company has paid the amount of the bond into the registry of the court. Each of those requirements has been met by the formal averments of the bill.

The act further provides that, notwithstanding any provision of the Judicial Code to the contrary, the court shall have power to issue its process for all such claimants, and to issue an order of injunction against each of them, enjoining them from instituting or prosecuting any suit or proceeding in any state court, or in any other federal court, on such bond until further order of the court. The court is empowered to hear and determine the cause and discharge the complainant from further liability.

[1] While the general rule, based on comity, is that the federal courts will not interfere by injunction or otherwise with the proceedings of other courts which have first acquired jurisdiction of the subject-matter, and Congress has provided in section 265 of the Judicial Code (Comp. Stat. 1918, 1242), that the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy (Act March 3, 1911, c. 231, § 265, 36 Stat. 1162), the Interpleader Act of May 8, 1926, under which the bill is filed, provides that, notwithstanding any provision of the Judicial Code to the contrary, the court shall have such power in this proceeding. The Constitution of the United States

(article 5, § 1) ordains that "the judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress shall from time to time ordain and establish," and that that power shall extend to all cases in law and equity arising under the Constitution and laws of the United States.

[2] The sixth article of the Constitution declares that "this Constitution, and the laws of the United States which shall be made in pursuance thereof, * * * shall be the supreme law of the land." There can be no question that Congress has authority, where there is conflicting jurisdiction over the subject-matter, either to confer upon the federal courts power to enjoin proceedings in a state court, as it has done in the act now under consideration and in the Bankruptcy Act (Comp. St. § 9585 et seq.), or to prohibit the exercise of that power as in section 720, Rev. St., supra.

[3] Congress has provided in the act an appropriate remedy to bring into one court, where diversity of citizenship exists, the conflicting claims of adverse parties against a fund held by one having no interest in its distribution, in order that the rights of all claimants may be determined in an orderly manner in one proceeding, thus avoiding a multiplicity of suits. The Constitution has given to the court the capacity to take jurisdiction, and the act of Congress has supplied it. Therefore the two things necessary to create jurisdiction have vested in this court the power, not only to enjoin the institution of any suit or proceeding in another court on the bond, but also the prosecution of any such suit or proceeding already begun when the instant suit was brought. Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257. The first reason in support of the motion is therefore without merit.

[4] The second reason in support of the motion to dismiss is the statement that the defendants are not adverse claimants. It is rather difficult to comprehend the reasoning upon which this assertion is based. It appears from the bill that the aggregate of the sums claimed of the plaintiff is largely in excess of the sum for which the plaintiff is liable. In that situation it is to the interest of each claimant to reduce or defeat altogether the claim of every other claimant. There can be no more striking illustration of the opposition of every claimant to every other claimant than a case such as this. The defendant's contention cannot prevail.

[5, 6] Finally, coming to the third reason, the obligations of a contract are not impaired by a law providing a new remedy, even though it has a retrospective operation. Almost every law providing a new remedy affects and operates upon causes of action existing at the time the law was passed. Sampeyreac v. United States, 7 Pet. 222, 8 L. Ed. 665. The act under which the plaintiff's bill was filed is purely remedial, and protects the rights of all parties.

The motion to dismiss is denied, and it is ordered that said defendants answer within five days, in accordance with the rule.