UNITED STATES v. RIGALI et al.

No. 8214.

Circuit Court of Appeals, Ninth Circuit.

June 14, 1937.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key, Joseph M. Jones, and A. F. Prescott, Sp. Assts. to the Atty. Gen., and Peirson M. Hall, U. S. Atty., E. H. Mitchell, Sp. Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal.

Joe Crider, Jr., and Clarence B. Runkle, both of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

This was an action by appellant on a bond executed by appellee Rigali, as principal, and appellee Fidelity & Deposit Company of Maryland (hereinafter called the surety company), as surety, in favor of appellant. Appellant prayed judgment for the principal sum of $1,955, with interest thereon at the rate of 6 per cent. per annum from January 19, 1931, to July 19, 1933, and at the rate of 1 per cent. a month from and after July 19, 1933. The surety company answered. Rigali did not. His default was duly entered. The case was tried by the court without a jury, trial by jury having been expressly waived. The court made special findings of fact, and thereupon entered judgment in appellant's favor for the principal sum claimed, with interest thereon at the rate of 6 per cent. per annum from July 19, 1931, to February 14, 1934, and at the rate of 7 per cent. per annum from and after February 14, 1934. This appeal followed.

The facts are not in dispute. As found by the trial court, they are as follows:

On December 30, 1930, the Commissioner of Internal Revenue assessed against Rigali a deficiency of $3,466.28 in respect of Rigali's income tax for 1925. On January 19, 1931, Rigali applied for an extension of time within which to pay the deficiency. Thereafter the Commissioner, with the approval of the Secretary of the Treasury, granted such extension for a period of 30 months, commencing January 19, 1931, and ending July 19, 1933, but, as a condition thereof, required Rigali to furnish a bond, with surety, in the sum of $4,310. In compliance with this requirement and in consideration of the extension granted by the Commissioner, Rigali and the surety company executed the bond in suit. It reads as follows:

"Income and Profits Tax Bond

"Under section 274(k) of the Revenue Act of 1926 [44 Stat. 57] as amended by section 502 of the Revenue Act of 1928 [45 Stat. 869].

"Known all men by these presents, That Albert J. Rigali, . . . as principal, and Fidelity and Deposit Company of Maryland, . . . as surety, are held and firmly bound unto the United States of America in the sum of Four Thousand Three Hundred Ten dollars ($4,310.00), lawful money of the United States, for the payment whereof we bind ourselves, our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

"Whereas, there is due from the above bounden principal certain additional income or profits taxes resulting from a deficiency in tax . . .;

"Whereas, to exact payment of the deficiency in tax at this time will result in undue hardship to the above bounden principal;

"Whereas, section 274(k) of the Revenue Act of 1926 as amended by section 502 of the Revenue Act of 1928, provides that the Commissioner, with the approval of the Secretary, may extend the time for the payment of such deficiency in tax, or any part thereof, for such period as may be considered necessary not in excess of thirty months, and provides further that the Commissioner may require the taxpayer to furnish a bond with sufficient sureties conditioned upon the payment of the deficiency in accordance with the terms of the extension granted; and

"Whereas, it appears that the amount of this bond is sufficient to cover the deficiency of tax plus penalty and interest;

"Now, therefore, the condition of the foregoing obligation is such that if the principal shall on or before the 19th day of July, 1933, pay such deficiency in tax found to be due by the Commissioner, plus penalty and interest, in accordance with the terms of the extension as herein stated, and shall otherwise well and truly perform and observe all the provisions of law and the regulations;

"Then this obligation is to be null and void, but otherwise to remain in full force, virtue, and effect.

"The terms of the extension are as follows: (Deficiency in tax of $3,466.28 for the calendar year 1925 assessed on December 1930 list #6 10P. Payment to be made of the sum of $131.28, on or before February 19, 1931 and the balance of $3,335.00 to be paid in 29 consecutive monthly installments of $115.00 each, beginning March 19, 1931, plus interest at the rate of six per cent. per annum from January 19, 1931."

The extension was applied for and granted and the bond was required and furnished under and pursuant to section 274(k) of the Revenue Act of 1926, 44 Stat. 57, as amended by section 502 of the Revenue Act of 1928, 45 Stat. 791, 869, and article 1235 of Treasury Regulations 69. Section 274(k), as amended, provides:

"Where it is shown to the satisfaction of the Commissioner that the payment of a deficiency upon the date prescribed for the payment thereof will result in undue hardship to the taxpayer the Commissioner, with the approval of the Secretary . . . , may grant an extension for the payment of such deficiency or any part thereof for a period not in excess of 18 months, and, in exceptional cases, for a further period not in excess of 12 months. If an extension is granted, the Commissioner may require the taxpayer to furnish a bond in such amount, not exceeding double the amount of the deficiency, and with such sureties, as the Commissioner deems necessary, conditioned upon the payment of the deficiency in accordance with the terms of the extension. In such case there shall be collected, as a part of the tax, interest on the part of the deficiency the time for payment of which is so extended, at the rate of 6 per centum per annum for the period of the extension, and no other interest shall be collected on such part of the deficiency for such period. If the part of the deficiency the time for payment of which is so extended is not paid in accordance with the terms of the extension, there shall be collected, as a part of the tax, interest on such unpaid amount at the rate of 1 per centum a month for the period from the time fixed by the terms of the extension for its payment until it is paid, and no other interest shall be collected on such unpaid amount for such period."

Article 1235 of Treasury Regulations 69 provides: " . . . If the time for the payment of a deficiency, or any part thereof, is extended, . . . interest shall be collected as a part of the tax on that part of the deficiency, time for payment of which is so extended, at the rate of 6 per cent. per annum for the entire period of the extension. If the deficiency or a part thereof, the time for payment of which is so extended, is not paid on or before the expiration of the period of the extension, interest on such unpaid amount shall be collected at the rate of 1 per cent. a month from the date of the expiration of the period of extension until it is paid. . . ."

Of the total deficiency mentioned above, $1,955 remained unpaid at the expiration of the extension period, July 19, 1933, and, although payment thereof was demanded of appellees on February 14, 1934, and frequently thereafter, still remains unpaid.

Upon these facts, the trial court concluded that appellant was entitled to judgment against appellees for $1,955, with interest thereon at the rate of 6 per cent. per annum from the commencement of the extension period (January 19, 1931) to the date (February 14, 1934) on which payment was first demanded of the surety company, and at the rate of 7 per cent. per annum from and after that date. Judgment was entered accordingly.

 In awarding interest at a rate less than 1 per cent. a month from the date of the expiration of the extension period, the trial court erred. The bond in suit is a statutory bond which the Commissioner required and appellees executed and furnished under and pursuant to section 274(k) of the Revenue Act of 1926, as amended, and article 1235 of Regulations 69, supra. It is conditioned upon payment of the "deficiency in tax found to be due by the Commissioner, plus penalty and interest, in accordance with the terms of the extension," and performance of "all the provisions of law and the regulations." The law [section 274(k)] and the regulations (article 1235) are as much a part of the bond as if set out therein in hæc verbis. Both the law and the regulations expressly provide that, where the time for payment of a tax deficiency has been extended, interest thereon shall be collected at the rate of 6 per cent. for the period of extension and at the rate of 1 per cent. a month after the expiration of such period. Courts are not empowered to raise or lower these interest rates. Compare United States v. Maryland Casualty Co. (C.C.A. 7) 49 F. (2d) 556, 558.

 In this case the period of extension commenced on January 19, 1931, and expired on July 19, 1933. Appellant was, therefore, entitled to interest on the unpaid part

of the deficiency ($1,955) at the rate of 6 per cent. per annum from January 19, 1931, to July 19, 1933, and at the rate of 1 per cent. a month from and after July 19, 1933. The fact that payment was not demanded of the surety company until February 14, 1934, is immaterial. The statute and regulations provide that interest at the rate of 1 per cent. a month shall be collected, not from the date on which payment is demanded, but from the date on which the extension period expires. No demand was necessary in order to start the running of interest at the higher rate.

The case of Maryland Casualty Co. v. United States (C.C.A. 5) 76 F.(2d) 626, relied on by the surety company, is, we think, distinguishable from this case, in that the bond there involved was not considered by the court to be a statutory bond, but was treated as a common-law obligation, whereas the bond here involved professes to be and is admittedly and unquestionably a statutory bond. If not distinguishable, the decision in Maryland Casualty Co. v. United States, supra, is clearly wrong, and we decline to follow it.

Judgment reversed, and case remanded for further proceedings in conformity with this opinion.