## UNITED STATES v. WAGNER.
### No. 8476.

Circuit Court of Appeals, Ninth Circuit.

Dec. 22, 1937.

James W. Morris, Asst. Atty. Gen., Sewall Key, Paul R. Russell, J. Leonard Lyons, and M. S. Zimmerman, Sp. Assts. to Atty. Gen., and Peirson M. Hall, U. S. Atty., and E. H. Mitchell and Alva C. Baird, Asst. U. S. Attys., all of Los Angeles, Cal., for the United States.

Claude I. Parker, John B. Milliken, J. Everett Blum, and Mills, Hunter & Dunn, all of Los Angeles, Cal., for appellees.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

This was an action by appellant on a bond executed by appellee Alma I. Wagner, executrix of the last will of Robert G. Wagner, deceased, as principal, and appellee United States Fidelity & Guaranty Company, as surety. Appellant prayed judgment for $19,401.64, with interest on $13,-380.44 thereof at the rate of 6 per cent. per annum from August 26, 1933, to September 1, 1933, and at the rate of 1 per cent. a month from and after September 1, 1933. Appellees answered, admitting every material fact alleged in the complaint, but denying any liability to appellant. Appellant moved for judgment on the pleadings. The District Court entered judgment in appellant's favor for the principal sum claimed, with interest on $13,380.44 thereof at the rate of 6 per cent. per annum from August 26, 1933, to September 1, 1933; at the rate of 7 per cent. per annum from September 1, 1933, to August 30, 1935, and at the rate of 6 per cent. per annum from and after August 30, 1935. This appeal followed.

Facts alleged by appellant and admitted by appellees are as follows:

Robert G. Wagner died on May 25, 1927. Letters testamentary were issued to appellee Alma I. Wagner on June 15, 1927. On October 19, 1927, the Commissioner of Internal Revenue determined that there was a deficiency of $13,380.44 in respect of said decedent's income tax for 1920, and so notified the executrix. The executrix thereupon petitioned the Board of Tax Appeals for a redetermination of the alleged deficiency. On June 29, 1931, the Board rendered its decision, sustaining the Commissioner's determination. On October 24, 1931, the bond in suit was executed by appellees and filed with the Board. The surety (United States Fidelity & Guaranty Company) was approved by the Board on December 15, 1931. The bond reads as follows:

"United States Board of Tax Appeals, Washington, D. C. Alma I. Wagner, executrix, of the estate of Robert G. Wagner,

deceased, appellant, v. Commissioner of Internal Revenue, appellee. Docket No. 32981. Bond.

"Know all men by these presents, that we, Alma I. Wagner, executrix * * *, as principal, and the United States Fidelity and Guaranty Company, * * * as surety, are held and firmly bound unto * * * the United States of America, in the sum of twenty-six thousand seven hundred sixty and 88/100 dollars ($26,760.88) * * *; for the payment of which well and truly to be made we bind ourselves and each of us and our successors and assigns, jointly and severally, firmly by these presents. * * *

"Whereas, the above named Alma I. Wagner, executrix * * *, is filing or is about to file with the U. S. Board of Tax Appeals, a petition for review of the Board['s] decision [in this case] by the Circuit Court of Appeals of the United States for the Ninth Circuit. * * *

"Now, therefore, the condition of this obligation is such, that if the above named Alma I. Wagner, executrix * * * shall file her petition for review and shall prosecute said petition for review to effect and shall pay the deficiency as finally determined, together with any interest, additional amounts or additions to the tax provided for by law, then this obligation shall be void, otherwise the same shall be and remain in full force and virtue."

This bond was filed under and pursuant to section 1001(c) of the Revenue Act of 1926, as amended by section 603 of the Revenue Act of 1928, 45 Stat. 873, 26 U.S. C.A. § 644, which provides:

"Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, such review shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Board unless a petition for review in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer (1) on or before the time his petition for review is filed has filed with the Board a bond in a sum fixed by the Board not exceeding double the amount of the portion of the deficiency in respect of which the petition for review is filed, and with surety approved by the Board, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law * * *."

The executrix duly filed her petition for review. Thereafter, on March 13, 1933, this court affirmed the Board's decision. Wagner v. Commissioner, 9 Cir., 63 F.2d 859. On August 26, 1933, the Commissioner assessed said deficiency of $13,380.44, with accrued interest in the sum of $6,021.-20, a total of $19,401.64, no part of which has been paid, although notice thereof was given and payment thereof demanded on September 1, 1933.

The question is: What rate of interest was payable on said deficiency from and after August 26, 1933?

Section 292 of the Revenue Act of 1928, 45 Stat. 858, 26 U.S.C.A. § 292 and note, provides:

"Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax * * * to the date the deficiency is assessed. * * *"

Section 294(b) of the same Act, 26 U. S.C.A. § 294(b) and note provides:

"Where a deficiency, or any interest or additional amounts assessed in connection therewith under section 292, * * * is not paid in full within ten days from the date of notice and demand from the collector, there shall be collected as part of the tax, interest upon the unpaid amount at the rate of 1 per centum a month from the date of such notice and demand until it is paid."

Section 404 of the Revenue Act of 1935, 49 Stat. 1027, 26 U.S.C.A. § 1693a provides:

"Notwithstanding any provision of law to the contrary, interest accruing during any period of time after the date of the enactment of this Act [August 30, 1935] upon any internal-revenue tax, * * * not paid when due, shall be at the rate of 6 per centum per annum."

Applying these provisions to the facts of this case, it is clear that interest on said deficiency of $13,380.44 was payable at the rate of 6 per cent. per annum from August 26, 1933, to September 1, 1933, and at the rate of 1 per cent. a month from September 1, 1933, to August 30, 1935, and at the rate of 6 per cent. per annum from and after August 30, 1935, and that, in awarding in-

terest at a rate less than 1 per cent. a month from September 1, 1933, to August 30, 1935, the District Court erred. Compare United States v. Rigali, 9 Cir., 90 F.2d 929, 931.

The fact that in California, where the bond in suit was executed, the legal rate · of interest is 7 per cent., is immaterial. As heretofore shown, this was a statutory bond given under and pursuant to section 1001(c) of the Revenue Act of 1926, as amended by section 603 of the Revenue Act of 1928, 26 U.S.C.A. § 644. A condition of the bond—admittedly breached by appellees—was that the executrix would "pay the deficiency as finally determined, together with any interest * * * provided for by law." The law by which such interest is "provided for" is the law of the United States, in this case, sections 292 and 294 of the Revenue Act of 1928, 26 U.S.C.A. §§ 292, 294 and notes, and section 404 of the Revenue Act of 1935, 26 U.S.C.A. § 1693a, supra.

Judgment reversed and case remanded for further proceedings in conformity with this opinion.