## MASSACHUSETTS BONDING & INS. CO. v. UNITED STATES.

### No. 8706.

Circuit Court of Appeals, Ninth Circuit.

June 29, 1938.

Joe Crider, Jr., and Clarence B. Runkle, both of Los Angeles, Cal., for appellant.

James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and E. E. Angevine, Sp. Assts. to Atty. Gen., and Ben Harrison, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by the Massachusetts Bonding and Insurance Company from a judgment against it in an action brought by the United States to enforce the defendant's liability on a surety bond. Principal on the bond was Harry H. Culver. The bond was given to secure the payment of

a tax deficiency by Culver to the United States. It is admitted that Culver defaulted on the bond.

· Appellant does not question entry of judgment against it for the face amount of the bond, plus interest at the legal rate on California judgments from date of demand. Its appeal is from a judgment in excess of that amount.

Culver as principal and appellant as surety executed the bond pursuant to § 274(k), Revenue Act of 1926, 44 Stat. 55, as amended by § 502 of the Revenue Act of 1928, 45 Stat. 869:

"Where it is shown to the satisfaction of the Commissioner that the payment of a deficiency upon the date prescribed for the payment thereof will result in undue hardship to the taxpayer the Commissioner * * * may grant an extension for the payment of such deficiency or any part thereof. * * * If an extension is granted, the Commissioner may require the taxpayer to furnish a bond in such amount, not exceeding double the amount of the deficiency. * .* * conditioned upon the payment of the deficiency in accordance with the terms of the extension. In such case there shall be ·collected, as a part of the tax, interest on the part of the deficiency the time for payment of which is so extended, at the rate of 6 per centum per annum for the period of the extension. * * * If the part of the deficiency the time for payment of which is so extended is not paid in accordance with the terms of the extension, there shall be collected, as a part of the tax, interest on such unpaid amount at the rate of 1 per centum a month for the period from the time fixed by the terms of the extension for its payment until it is paid, and no other interest shall be collected ·on such unpaid amount for such period."

On December 31, 1930, the taxpayer was indebted to the United States in the amount of $30,115.11 for deficiencies in taxes for prior years. Under the above statute he applied for and was granted by the Commissioner an extension to pay these deficiencies until February 15, 1932, conditioned upon his giving bond in the penal amount of $36,390.00.

We quote the material portions of the bond.

"Income and Profits Tax Bond

"Under Section 274(k) of the Revenue Act of 1926, as amended by Section 502 of the Revenue Act of 1928

· "Know All Men by These Presents, That Harry H. Culver * * * as principal, and Massachusetts Bonding and Insurance Company * * * as surety, are held and firmly bound unto the United States of America in the sum of Thirty Six Thousand Three Hundred Ninety dollars ($36,390.00) * * *.

"Whereas, there is due from the above-bounden principal certain additional income or profits taxes resulting from a deficiency in tax (not due to negligence or to fraud with intent to evade tax);

"Whereas, to exact payment of the deficiency in tax at this time will result in undue hardship to the above-bounden principal;

· "Whereas, section 274(k) of the Revenue Act of 1926 as amended by section 502 of the Revenue Act of 1928 provides that the Commissioner, with the approval of the Secretary, may extend the time for the payment of such deficiency in tax, or any part thereof, for such period as may be considered necessary not in excess of thirty months, and provides further that the Commissioner may require the taxpayer to furnish a bond with sufficient sureties conditioned upon the payment of the deficiency in accordance with the terms of the extension granted; and

"Whereas, it appears that the amount of this bond is sufficient to cover the deficiency of tax plus penalty and interest:

"Now, therefore, the condition of the foregoing obligation is such that if the principal shall on or before the 15th day of February, 1932, pay such deficiency in tax found to be due by the Commissioner, plus penalty and interest, in accordance with the terms of the extension as herein stated, and shall otherwise well and truly perform and' observe all the provisions of law and the regulations;

"Then this obligation is to be null and void, but otherwise to remain in full force, virtue, and effect."

On February 15, 1932, the expiration of the extension period, taxpayer Culver failed to pay the principal amount of the deficiency plus the 6 percent interest required for the duration of the extension period. Nor has he at any time since then paid this obligation.

On November 15, 1933, the Commissioner of Internal Revenue for the first time gave notice of this default to the appellant surety. Payment was not forth-

coming from appellant and this action was begun.

The plaintiff demanded the sum of $33,867.45, being the amount of the extended deficiency, plus interest at 6 percent for the period of extension, together with interest at the rate of 1 percent per month from and after February 15, 1932, the expiration of the extension. This demand for interest at 1 percent per month was based on section 274(k), supra, which exacts such interest from a taxpayer upon failure to pay a deficiency at the expiration of the extension period. The total amount thus demanded by the complaint came to upwards of $50,000, well over the principal amount of the bond.

On February 5, 1936, appellant deposited with the clerk of the court the sum of $42,050.68, confessing judgment to that amount. Appellant's contention was and is that it was liable for the deficiency plus interest at the rate of 6 percent until the expiration date and at the rate of 1 percent per month thereafter up to the point where the accrued total reached $36,390, the penal sum of the bond. Thereafter, it asserted, it was liable for further interest only upon its failure to pay this sum after notice of its principal's default was given it. And such further interest, it claimed, was to be computed at the legal rate in California, namely 7 percent. The deposit in court included the penal sum of the bond plus such 7 percent interest from November 15, 1933, the date of the government's demand, up to the date of the deposit in court.

Upon these undisputed facts the trial court entered judgment against appellant for $53,694.73, being the principal sum of the bond plus interest at 1 percent per month from February 15, 1932, to the date of judgment.

The appeal is well taken. It is fundamental in the law of suretyship that a bondsman cannot be held for any default of his principal in an amount greater than the penal sum of the bond. Interest in excess of this amount may become due from the surety, but only upon the surety's own default, not the principal's. The surety is required to do nothing until the obligee has notified him of the default of the principal. If upon such notice the surety unjustly withholds the amount he has guaranteed, he is liable for interest at the ordinary rate because of his own unjust detention of money. This principle was laid down by the Supreme Court in United States v. Fidelity Co., 236 U.S. 512, 530, 35 S.Ct. 298, 304, 59 L.Ed. 696:

"* * * 'Sureties, if answerable at all for interest beyond the amount of the penalty of the bond given by their principal, can only be held for such an amount as accrued from their own default in unjustly withholding payment after being notified of the default of the principal.'"

No case contrary to this rule is cited by the government. Our attention is called to United States v. Rigali, 9 Cir., 90 F.2d 929, 931, and United States v. Wagner, 9 Cir., 93 F.2d 77, 78, in each of which a tax deficiency bond similar to the one before us was involved. In each case it was held that the surety was liable for interest at 1 percent per month after expiration of the extension without payment of the deficiency, but in either case had such interest, added to the deficiency, reached the penal sum of the bond. The decisions are not in point.

It is argued that this is a "statutory bond" and that the statute exacts the rate of 1 percent per month after default. This may be granted, but the condition of the bond is that the taxpayer shall pay the deficiency plus interest according to all the laws and regulations. If he does not the surety becomes liable for the payment of the amount of money for which he, the surety, has bound himself. There is nothing in the statute requiring anything of the surety in excess of this amount. There is nothing in the statute which exacts 1 percent per month interest for the surety's failure to redeem his promise on notice and demand. The government's protection in such cases is to fix a sufficiently large bond to begin with, not to enlarge the set amount of the bond by reading into it an obligation of the taxpayer. Otherwise there would be no purpose in fixing a penal sum in the bond.

We conclude, therefore, that the judgment should be modified as contended by the appellant.

The cost bill assessed in the district court against the appellant in this case included 1 percent of the amount of appellant's deposit into court on February 5, 1936. The item was allowed by the district court under 28 U.S.C.A. § 555:

"In addition to the fees for services rendered in cases, hereinbefore enumerated, the clerk shall charge and collect, for miscellaneous services performed by him, and

882

assistants, except when on behalf of the United States, the following fees:

\*    \*    \*    \*    \*    \*

"For receiving, keeping, and paying out money in pursuance of any statute or order of court, including cash bail or bonds or securities authorized by law to be deposited in lieu of other security, 1 per centum of the amount so received, kept and paid out, or of the face value of such bonds or securities."

Appellant appeals from the taxation of this item because, it contends, the money was deposited "on behalf of the United States". There is no merit to this contention. The appellant made no tender to the appellee of the amount it admitted was due prior to the filing of the suit. The suit to recover it and the judgment to be rendered in favor of the United States for the deposited amount was compelled by this failure of appellant. Hence the money must be deemed received and deposited on behalf of the depositor, the appellant. The fact that it will be paid to the United States pursuant to the judgment does not alter the fact that it was handled for appellant's account. On the entry of final judgment against appellant in this case the item will properly be included in the costs.

The judgment is reversed and the case is remanded for further proceedings in conformity with this opinion.