MASSACHUSETTS BONDING & INSURANCE COMPANY

v.

ANTONELLI CONSTRUCTION CO.,
Inc., et al.

Civ. A. No. 58–1096.

United States District Court
D. Massachusetts.

May 20, 1959.

Joseph K. Collins, Boston, Mass., for plaintiff.

Daniel F. Featherston, Jr., Choate, Hall & Stewart, Boston, Mass., for defendant Peabody.

Irvin M. Davis, Boston, Mass., for defendant R. I. Covering.

Jerome P. Facher, Mintz, Levin & Cohn, Boston, Mass., for defendant Struthers Wells.

Robert S. Jones, Sherburne, Powers & Needham, Boston, Mass., for defendant Control Instrument & Hays Corp.

ALDRICH, District Judge.

This is an interpleader petition brought under 28 U.S.C.A. § 1335 by a Miller Act, 40 U.S.C.A. § 270a, surety on the bond of a government contractor against thirty subcontractors and suppliers. The prime contractor has failed, and the surety has recognized that the provable liabilities will exceed the penal sum of the bond. It brings this proceeding naming all creditors and alleged creditors as respondents, some being citizens of various states,[1] pays the penal sum into court, and asks that it be discharged of all further liability. This procedure permits[2] the creditors to litigate and determine as between themselves the amounts of their respective claims, and ultimately each receive a proportionate payment. This is an appropriate thing for petitioner to do. . What seems less appropriate is that it asks costs to include counsel fees taxed as between solicitor and client to be paid out of the moneys deposited in court, thereby further reducing the "dividend" that will be paid to the creditors.

Petitioner points out that in interpleader proceedings counsel fees are frequently awarded. That is true, and properly so. When a stakeholder, customarily called "innocent" or "disinterested," finds himself faced with alternative, conflicting claims, the existence of which are no fault of his, there is no reason why he should be put to expense to resolve a dispute with which he has no connection. Petitioner here, however, is not a benign participant drawn into this matter by circumstances unrelated to itself. This is not an incidental, secondary, dispute. It is fundamental to the very occurrence which petitioner agreed to insure against.

Petitioner's position may be illustrated. The penal sum of the bond paid into court is $96,000. Had the claims been $96,000 petitioner would not, and could not have interpleaded—it would have paid the claims in full. But there being, say, $116,000 in valid claims, it pays $96,000 into court and asks for $1,500 back as counsel fees. In other words, having undertaken to secure obligations up to $96,000, it wishes to pay fewer because there are more.

A life insurance company promises a fixed sum, the insured event for which it is compensated being the death. If some question arises as to who is to receive the death proceeds, such secondary dispute may well be charged only against the fund, and not against the company. But here the insured event was the existence of creditors. I would distinguish this case, involving an insurer whose undertaking was for the creditor's direct benefit, from the case of an indemnification insurer whose only

---

1. No one has questioned the jurisdiction of the court, and I am content to go along with Haynes v. Felder, 5 Cir., 239 F.2d 868.

2. It also requires that they do so. Each creditor not only must prove his own claim, but he must defend against those of the others, a substantial undertaking. Cf. United States, for Use and Benefit of General Electric Co. v. Browne Electric Co., D.C.E.D.Va., 168 F.Supp. 806.

debt is to the insured, and whose creditors claim only through him against the "fund." Cf. R. F. Ball Construction Co. v. Jacobs, D.C.W.D.Tex., 140 F.Supp. 60, affirmed sub nom. United States v. R. F. Ball Construction Co., 5 Cir., 239 F.2d 384 (per curiam), reversed on other grounds, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510, a case of secondary rights cited by petitioner. The allowance of counsel fees is unusual relief. In the present case, while it is proper that petitioner interplead, I do not regard it as a strictly innocent or disinterested stakeholder, and I feel that no counsel fees should be included in its taxable costs. If this conclusion is wrong, I find that the requested fee of $1,500 is fair.