**PENNSYLVANIA FIRE INSURANCE COMPANY, a Corporation,**
Plaintiff,

v.

**AMERICAN AIRLINES, INC., Oil Tank Cleaning Corp., et al., Defendants.**

Civ. No. 20004.

United States District Court
E. D. New York.

Jan. 20, 1960.

Engelman & Hart, New York City, for plaintiff. Harold W. Rudolph, Myron Engelman, New York City, of counsel.

Solomon Pearlman, New York City, for defendant Oil Tank Cleaning Corp.

Sidney Goldstein, New York City, for The Port of New York Authority. Meyer Schifrin, New York City, of counsel.

BARTELS, District Judge.

These are two companion motions. Plaintiff, a surety company, has instituted this action in the nature of interpleader under the Federal Interpleader Act (Title 28 U.S.C.A. §§ 1335, 1397 and 2361). The complaint alleges, among other things, that on February 20, 1959 Power Equipment Corporation (hereinafter referred to as "Power") was awarded a Job Order in the amount of $140,140 under a Master Ship Contract for furnishing certain labor and materials and performing certain work on the U.S.S. General G. M. Randall; that plaintiff, as surety, furnished performance and payment bonds in the amounts of $70,070 in favor of the Government as required by Title 40, § 270a et seq. of the United States Code Annotated, known as the Miller Act; that Power performed its contract but failed to pay certain subcontractors and suppliers who are named as defendants and whose names and addresses together with the amounts claimed (totalling 89 defendants with claims aggregating $164,286.70) are listed on schedules annexed to the complaint; that the total unpaid claims outstanding exceed the amount of the bond; that there is the necessary diversity among claimants; that one of the defendants has instituted a Miller Act

suit against plaintiff and that plaintiff by reason of the foregoing is exposed to multiplicity of suits and multiple liability.

Plaintiff seeks a permanent injunction against all of the defendants from instituting any action against plaintiff and also a decree requiring defendants to interplead and settle their claims upon the bond in this suit, discharging plaintiff from all liability on the payment bond and awarding it costs, expenses and reasonable attorneys' fees. Pursuant to motion, this Court previously issued an injunction *pendente lite* against defendants. No issue of fact has been raised by any of the answers except with respect to the question of counsel fees.

The first motion is by plaintiff-surety company for a permanent injunction, substantially in accordance with the prayer of the complaint. The second motion is by defendant Oil Tank Cleaning Corp., which heretofore commenced an action against plaintiff and which now opposes plaintiff's motion and moves for a dismissal of the action upon the ground, among others, that triable issues have been raised by the answers which can be disposed of only by a trial and, moreover, that plaintiff is liable to *each* unpaid supplier to the extent of the full amount of the bond and not, as plaintiff asserts, on a *pro rata* basis.

Defendant contends that the complaint should be dismissed because the plaintiff-surety is liable under the Miller Act to each supplier of labor and materials for payment in full of each claim up to $70,070, the face amount of the bond. Defendant relies upon certain phrases used in 40 U.S.C.A. § 270a(a) (2) and § 270b, which sections provide, among other things, that the prime contractor must furnish a payment bond for the protection of the suppliers in the prosecution of the work "for the use of each such person" and "every person" who has furnished such labor or material shall have the right to sue on the bond and that "every suit" shall be brought in the name of the United States "for the use of the person suing". It is difficult

to perceive how these quoted phrases outlining the mechanics of enforcement can justify defendant's contention. 40 U.S.C.A. § 270a subparagraph (a) (2) determines the amount of the bond to be furnished and its mandate with respect thereto is controlling. This subparagraph expressly provides that the payment bond in cases involving less than $1,000,000 "shall be in a sum of one-half the total amount payable by the terms of the contract." Nothing in the phrases emphasized by defendant or the remainder of the Act in any way contradicts or modifies or is inconsistent with this provision fixing the amount of the bond. It is fundamental and long settled that a surety's obligation is limited to the face amount of the bond. The principle has been succinctly expressed in Bill Curphy Co. v. Elliott, 5 Cir., 1953, 207 F.2d 103, where liability under a Miller Act bond was restricted to the face amount of the bond although the judgment against the principal was more than twice that sum. There the Court said (at page 106):

"* * * If appellant's contention that the surety's liability may exceed the sum stated on the face of the bond is correct, and it is not, it would be futile to state any amount of liability in the bond. This contention completely overlooks the well-established rule in Texas and elsewhere that the sole object of stating the penalty in a bond is to fix the limit of the liability of the signers, and no recovery can be had on such bond against the principal or surety beyond the penalty named in the bond."

To the same effect is Massachusetts Bonding & Insurance Co. v. United States, 9 Cir., 1938, 97 F.2d 879, and Houston Fire & Casualty Insurance Co. v. E. E. Cloer General Contractor, Inc., 5 Cir., 1954, 217 F.2d 906.

Interpleader is a well established remedy which recognizes the right of a disinterested stakeholder against whom many conflicting claims have been asserted to deposit the stake in court where the claimants may litigate the controversy without embroiling the stakeholder. This remedy existed independently under the general equity jurisdiction of the Court before the enactment of the statute. Section 1335 of 28 U.S.C.A. expressly grants this Court jurisdiction to entertain an interpleader action instituted by plaintiff under the circumstances of the case at bar if plaintiff deposits with the Court the amount of the bond or gives a "bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." Section 2361 of 28 U.S.C.A. authorizes the Court to restrain the claimants from prosecuting their claims in any other proceeding, to hear and determine the case, to discharge the plaintiff from further liability, and to make the injunction permanent.

The effect of the Miller Act was to furnish security to those who contribute labor or materials to construct or repair public buildings or works. United States for Benefit and on Behalf of Sherman v. Carter, 1957, 353 U.S. 210, 216, 217, 77 S.Ct. 793, 1 L.Ed.2d 776. The argument here suggested that interpleader relief cannot be obtained in a case involving claims arising under the Miller Act because such relief is inapplicable to a Miller Act case and, in addition, restricts the independent action and the remedy provided to claimants in subparagraph (2) of Section 270a of the Miller Act has been heretofore advanced without success in other cases. Aetna Casualty & Surety Co. v. BBB Construction Corp., 2 Cir., 1949, 173 F.2d 307, certiorari denied 1949, 337 U.S. 917, 69 S.Ct. 1158, 93 L.Ed. 1726; American Bonding Co. of Baltimore v. Albert & Davidson Pipe Corp., D.C.N.J.1943, 52 F. Supp. 486. In such a proceeding there can be no doubt that the Court has the power to enjoin prosecution of other suits. Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed.

85. Interpleader is particularly appropriate in a Miller Act proceeding where there is a discrepancy between the amount of the bond and the amount of the claims and the interest of each claimant is adverse to that of the others. Interpleader and the injunctive remedy thus affords complete protection to the plaintiff and also to all claimants. This set of circumstances was presented in Massachusetts Bonding & Insurance Co. v. Antonelli Construction Co., D.C.Mass. 1959, 173 F.Supp. 391, where, as here, an interpleader petition was filed under 28 U.S.C.A. § 1335 by a Miller Act surety on a bond to secure payment by a Government contractor and where, as here, the liabilities exceeded the amount of the bond. In that case the Court said (at page 392):

> " * * * The prime contractor has failed, and the surety has recognized that the provable liabilities will exceed the penal sum of the bond. It brings this proceeding naming all creditors and alleged creditors as respondents, some being citizens of various states,[1] pays the penal sum into court, and asks that it be discharged of all further liability. This procedure permits[2] the creditors to litigate and determine as between themselves the amounts of their respective claims, and ultimately each receive a proportionate payment. This is an appropriate thing for petitioner to do." [Footnotes omitted.]

In Fidelity & Deposit Co. of Maryland v. A. S. Reid & Co., D.C.Pa.1926, 16 F.2d 502, the Court held that a bill of interpleader was an appropriate remedy for a surety under a payment bond covering materials and labor for public construction in Pennsylvania where the claims greatly exceeded the surety's liability on the bond, stating (at page 504) that in such an action "the rights of all claimants may be determined in an orderly manner in one proceeding, thus avoiding a multiplicity of suits".

In an interpleader suit the right to relief is in the stakeholder. As a general rule the case therefore must be tried in two stages. In the first stage the Court determines whether the stakeholder should be absolved and discharged. In the second stage, after the order of interpleader, the Court determines, by such method as seems most suited to the particular case, which claimants are to prevail and to what extent. Liberty Nat. Life Ins. Co. v. Brown, D.C.Ala.1954, 119 F.Supp. 920, 921. Here, after hearing arguments upon the motions, the Court notified all those present that a further hearing would be held in the afternoon for the purpose of ascertaining a formula for disposing of the case without the cost and expense of a trial of each individual claim. At that adjourned hearing the interpleader bond and evidence of the financial responsibility of the interpleader surety were introduced and testimony was taken as to the service of process upon all the defendants and possible claimants. The answers of the defendants showed a total of $176,090.42 for all claims as opposed to claims listed on the schedules annexed to the complaint based upon Power's books in the amount of $164,286.70, or a difference of only $11,803.72. This difference was confined to six or seven claimants. With respect to the claims which coincide with the books and records of Power, there is apparently no issue of fact or law to be determined. The attorneys for the plaintiff who are familiar with the books and records and the proceedings had herein made certain suggestions at the second hearing concerning the mechanics of expeditiously disposing of the disputed and admitted claims. This procedure involves certain steps necessary to bring the claims before the Court for determination. Plaintiff's attorneys have agreed to initiate these steps with the support of certain claimants in accordance with the rules of this Court and pursuant to the proposed plan as outlined upon the record.

Pursuant to the above authorities and upon the proceedings had herein plaintiff's motion is granted with respect to the relief prayed for in paragraphs num-

bered 1, 2, 3 and 5 of its Notice of Motion. Plaintiff is discharged as surety under the payment bond and the Court retains jurisdiction of the proceedings for the purpose of adjudicating the claims of the defendants. As to counsel fees plaintiff's motion is denied without prejudice to renew the same at a later stage of the proceeding (see, Massachusetts Bonding & Insurance Co. v. Antonelli Construction Co., supra). Defendant's motion is denied. Submit order upon five (5) days' notice.