**PENNSYLVANIA FIRE INSURANCE COMPANY, a Corporation,**
Plaintiff,

v.

**(1) AMERICAN AIRLINES, INC.; (2) A. & D. Diesel Service, Inc., et al.,**
Defendants.

Civ. 20004.

United States District Court
E. D. New York.

May 27, 1960.

Engelman & Hart, New York City, for plaintiff, Harold W. Rudolph, Myron Engelman, New York City, of counsel.

Seymour Goldstein, Brooklyn, N. Y., for defendant Banks Ship Rigging Corp.

Solomon Pearlman, New York City, for defendant Oil Tank Cleaning Corp. Alexander Ackerson, New York City, of counsel.

Sidney Goldstein, New York City, for defendant, Port of New York Authority. Meyer Schifrin, New York City, of counsel.

Joseph C. Victor, Brooklyn, N. Y., for defendant Consolidated Edison Co. of New York, Inc.

BARTELS, District Judge.

In this action of interpleader one of the defendants, Banks Ship Rigging Corp., moves for certain relief which will finally determine the matter. The nature and background of this proceeding have been set forth on the motion of plaintiff to compel the defendants to interplead (180 F.Supp. 239) and need not be restated.

Defendants People of the State of New York, United States of America, The City of New York, Consolidated Edison Co. of New York, Inc. and Liberty Mutual Insurance Company have withdrawn their claims and they are therefore dis-

missed as parties herein. Certain other defendants have failed to appear in the instant proceeding although duly served by the Marshal. Pursuant to agreement among the interested defendants, the claims of Bitumen Welding Supply Co., Inc., Harbor Marine Electric Co., Inc., and Frank Marra, doing business as New York Canvas & Rope Co. are adjusted to $1,658.54, $11,279.89 and $136.30, respectively, and are allowed. The claims of the remaining defendants herein are allowed in the amounts set forth in Schedule "A" annexed to the complaint.

With the disposition of the above claims, the following applications remain to be decided:

■ (i) Plaintiff prays, pursuant to 28 U.S.C.A. § 1920, for the allowance of costs and disbursements in the amount of $978.10 and the moving attorneys pray for the allowance of costs incurred with regard to the instant motion in the amount of $127.71 together with the amount of $107.50 costs with regard to service of the judgment herein. These sums represent out-of-pocket disbursements and their allowance being in the discretion of the Court (T. & M. Transp. Co. v. S. W. Shattuck Chemical Co., 10 Cir., 1947, 158 F.2d 909), they are hereby granted.

■ (ii) Plaintiff renews its prior application for counsel fees. Although there is authority allowing counsel fees to plaintiffs who have commenced interpleader actions (see Globe Indemnity Co. v. Puget Sound Co., Inc., 2 Cir., 1946, 154 F.2d 249), the allowance of such claims is not without doubt in proceedings under the Miller Act, 40 U.S.C.A. § 270a et seq. Massachusetts Bonding & Ins. Co. v. Antonelli Const. Co., D.C. Mass.1959, 173 F.Supp. 391. There is *dicta*, however, indicating that in a Miller Act case the awarding of such fees is proper if the claim is meritorious. United States for Use and Benefit of General Electric Co. v. Browne Electric Co., D.C.Va.1959, 168 F.Supp. 806, 808. In a proceeding of this complexity involving 89 defendants with claims aggregating in excess of $164,000 against a fund in the approximate sum of $70,000, counsel for the interpleading plaintiff (even though plaintiff had been discharged on its bond) can be, and in this case were, of great assistance to the Court not only in bringing all claimants properly before the Court but also in assisting the Court to resolve conflicted and disputed claims and ascertaining the amounts due to the claimants. This conduct resulted in saving the estate, in the opinion of the Court, the expenses which would have been incurred in the event that the appointment of a special master had been required, as would normally be the case in a matter of this intricacy. Under these circumstances, the Court believes an allowance of fees in the amount of $2,000 would be reasonable and such amount is hereby awarded.

■ (iii) Attorney for defendant Oil Tank Cleaning Corp., one of the creditors, also makes application for an award of counsel fees, relying on United States for Benefit and on Behalf of Sherman v. Carter, 1957, 353 U.S. 210, 220, 77 S.Ct. 793, 1 L.Ed.2d 776. In the instant case the fund is insufficient to satisfy all of the claimants, some of whom have not been represented by counsel and some of whom have disclaimed any award for counsel fees. Thus, this case is unlike the Carter case where the fund exceeded the claim and attorney's fees were awarded to more fully make the materialman whole. Under the facts before the Court the awarding of attorney's fees to the attorney of one creditor would be manifestly unjust in that it would require not the bonding company but other injured creditors to pay the counsel fees sought. Moreover, the claim is not meritorious. The application is denied.

The amounts to be paid to each creditor will be set forth in an order prepared by the Court in accordance herewith, which order shall be served by the movant on the remaining parties by registered mail.